CORNELIA M. ODELL, Respondent, *v.* JOHN J. HOYT et al., Appellants.

Plaintiff was the owner of a bond and mortgage, by the terms of which interest was payable annually, and in case of any default in the payment thereof, for more than thirty days after it was due, plaintiff had the option to consider the whole sum secured as due. Such a default having occurred, plaintiff so elected and commenced an action of foreclosure. Negotiations were thereupon entered into between the parties for an arrangement, and plaintiff made a proposition in writing to discontinue the action and to reconsider her election, upon condition that the mortgagors would pay the interest due with interest thereon and the costs of the foreclosure, would execute with one G., a subsequent mortgagee, an agreement that the whole principal should become due when, by the terms of the bond and mortgage, the first installment became due, and that interest should be paid semi-annually, and would execute to plaintiff a lease of the premises for one year without rent. The mortgagors accepted the proposition, executed a lease, paid the interest and costs, and signed the required agreement, which they retained to procure the signature of G., and plaintiff gave a receipt for the payment, stating therein that the action was discontinued. The mortgagors did not procure the signature of G.; plaintiff then offered to accept the agreement without such signature, but the mortgagors represented that it was lost or mislaid; they refused to sign a new agreement and refused to make a semi-annual payment of interest, on the ground that interest was not due. Plaintiff discontinued the action and commenced this action to foreclose. The mortgagors thereafter, when the annual payment of interest became due by the terms of the mortgage, tendered the amount thereof, which was accepted, without any waiver by plaintiff of the default or of the right to continue the foreclosure. *Held,* that the mortgagors, by refusing to execute the proposed agreement, were precluded from insisting that they were relieved from the consequences of their

default; and that the acceptance of the interest tendered did not constitute a defense.

(Argued April 4, 1878; decided April 16, 1878.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

This action was brought to foreclose a mortgage which, with the bond accompanying the same, was executed by defendants Hoyt and McKinney, on the 1st day of March, 1873. The bond was conditioned for the payment of the sum of $25,880 — one-half April 1, 1877, and the balance April 1, 1879, with interest payable annually, on the first day of April in each year. In and by the bond and mortgage it was provided, that should default be made in the payment of interest at any time when the same became due and payable, and should the same remain unpaid and in arrears for thirty days, that after the lapse of that time the whole principal should, at the option of the plaintiff, become due and payable. The complaint alleged, and the evidence showed, a default in the payment of the interest due April 1, 1875, for more than thirty days thereafter, and plaintiff's election to consider the whole sum due.

The further material facts appear in the opinion.

*R. W. Van Pelt*, for appellants. The agreement made, or proposed to be made, on the part of plaintiff to forbear the collection of his mortgage was usurious and void. (*Skinner* v. *Packard*, 6 Wend., 415; *Bucher* v. *Ackerman*, 1 Rob., 30; *Bk. of U. S.* v. *Davis*, 2 Hill, 451; *Broderick* v. *Smith*, 15 How., 438.) Plaintiff should have returned, or offered to return, the interest in both cases, if he had elected to hold the defendants to the forfeiture. (*Cobb* v. *Hatfield*, 46 N. Y., 533; *Lindsley* v. *Ferguson*, 49 id., 623; *Pullman* v. *Alley*, 53 id., 637; *Moyer* v. *Shoemaker*, 5 Barb., 319.)

*Edward Wells*, for respondent.

ANDREWS, J.    By the default in the payment of the interest due April 1, 1875, for more than thirty days thereafter, the plaintiff had the right to elect to consider the whole sum secured by the bond and mortgage as due, and having elected so to consider it, she brought her action of foreclosure in May, 1875.

The mortgagors then stood in the position of debtors owing a debt past due, secured by a mortgage immediately payable.    The mortgagees could, of course, defer the enforcement of the mortgage, or make any arrangement for giving time to the mortgagors which the parties might agree upon. While this was the situation, the mortgagors applied to the plaintiff to make some arrangement of the matter, and it resulted in the plaintiff, on the seventh of May, making to the defendants a written proposition to discontinue the foreclosure and reconsider her election as to the maturity of the principal indebtedness upon the conditions : First. That the mortgagors would pay the interest due April 1, 1875, and the interest thereon, and the costs of the foreclosure.    Second. Execute with one Greenbaum, a subsequent mortgagee, an agreement that the whole amount of the principal debt should become due April 1, 1877, and that interest thereon should be paid semi-annually from April 1, 1875.    Third. Execute to the plaintiff a lease of the mortgaged premises for one year, without rent.

The mortgagors accepted the proposition and the parties met May 12th to complete the arrangement.    The mortgagors executed the lease, paid the back interest, and the costs in the foreclosure proceedings, and signed an agreement in accordance with the arrangement, but as Greenbaum had not signed it they retained it for the purpose of procuring his signature, which they promised to procure the next day, and then send it to the attorney for the plaintiff. The plaintiff gave the morgagors a receipt acknowledging the payment of the interest and the costs of foreclosure,

and stating therein that the foreclosure action was discontinued. The mortgagors did not secure the signature of Greenbaum to the agreement, alleging that he refused to execute it. The plaintiff then offered to accept it without his signature, but the mortgagors represented that it had been lost or mislaid. The plaintiff then at the request of the mortgagors prepared a new agreement, and sent it to them to be executed, but they refused to sign it, saying they could not execute any more papers. They refused to pay interest on the first of October, on the ground that no interest became due until April 1, 1876. An order was then entered by the plaintiff discontinuing the first action, and the present action was thereupon commenced. The mortgagors after the commencement of this action and on the 1st of April, 1876, tendered to the plaintiff's attorney the amount of the interest on the mortgage to that time, and the money was accepted by him ; but the court finds that the tender was made unconditionally and was accepted by the plaintiff without any waiver of the default or of the right to continue the foreclosure.

The mortgagors by refusing to execute the agreement provided for by the arrangement of May 7, 1875, are precluded from insisting that they are relieved from the consequences of their default in not paying the interest due April 1, 1875. The agreement of the plaintiff to waive the default was provisional and conditional only. The undertaking of the mortgagors to pay interest semi-annually, and the whole debt in 1877, was an important consideration for the plaintiff in making the arrangement. The plaintiff accepted the interest due, the lease and the costs of the foreclosure in part execution of the agreement, but upon the express understanding that the mortgagors should immediately procure Greenbaum's signature to the contract and return it to them. This they did not do, and finally refused to comply in any way with this provision in the agreement, or even to recognize it as effectual to change the time for the payment of the interest. They stood in the position of insisting upon the

receipt of the interest by the plaintiff as a waiver of the default, while repudiating the contract under which it was received. The plaintiff was entitled to the interest. She did not intend to waive the default by which the whole mortgage became due, except as part of the arrangement, and to construe the receipt of the interest as a waiver, under the circumstances would enable the defendants to take advantage of their own wrong. The plaintiff, it is true, received a lease of the mortgaged premises under the agreement. There is no finding whether she occupied under it, or whether the premises had any rental value. It was not until October that the mortgagors finally refused to execute the agreement provided for in the contract of May seventh. The most we think the defendants would be entitled to claim is that the value of the lease should be applied upon the mortgage debt. But this question is not raised by any finding or exception. Nor did the acceptance of the money, tendered after the commencement of the action, for the interest due April 1, 1876, constitute a defense. It is clear from the evidence that the plaintiff accepted it with the understanding that the acceptance should not prejudice her right to continue the foreclosure. The mortgagors desired to pay the interest to avoid a second default under the thirty days interest clause, in case it should be held that the first default had been waived.

We think the judgment should be affirmed.

All concur, except MILLER, J., absent.

Judgment affirmed.