## BROOKS *v.* CLARK.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF PENNSYLVANIA.

Submitted November 17, 1886. — Decided December 13, 1886.

On the 31st December, 1884, A, a citizen of Pennsylvania, sued out of a court of that State a summons in an action on contract to recover a balance of money lent, against B, a citizen of New York, and C, a citizen of Pennsylvania, surviving partners of D, returnable on the 1st Monday in January then next, and C accepted service before the return day. On the 26th of January, 1885, judgment was entered against both defendants for want of defence, under the practice in that State. On the 3d February, 1885, B voluntarily appeared and accepted service with the like force

as if the writ had been returnable on the 1st Monday in April and had been served on the 1st Monday in March. On May 2d, 1885, B filed his affidavit of defence, and immediately filed a petition for the removal of the case to the Circuit Court of the United States, on the ground that the controversy in the suit was between citizens of different states. The cause being removed, it was, on motion of the plaintiff, remanded to the state court on the ground that it appeared by the record that defendants were not both citizens of another state than plaintiff, and that plaintiff was a citizen of Pennsylvania. *Held,* (1) That under the practice in Pennsylvania this was a proceeding in the original suit, under the original cause of action; (2) That the controversy was not a separable one within the meaning of the removal act of 1875; (3) That the fact that the liability of C had been fixed by the entry of judgment against him did not affect the principle.

A removal of a cause from a State court to a Federal court made on a petition under the act of March 3, 1875, 18 Stat. 470, on the ground of a separable controversy, takes the whole cause from the jurisdiction of the state court; but a removal for the same cause under the act of 1866 may take only the separate controversy of the petitioning defendant, leaving the state court to proceed against the other defendants.

*Yulee* v. *Vase,* 99 U. S. 539, distinguished.
*Barney* v. *Latham,* 103 U. S. 205, affirmed.
*Putnam* v. *Ingraham,* 114 U. S. 57, affirmed.

This was a writ of error brought under § 5 of the act of March 3, 1875, c. 137, 18 Stat. 470, for the review of an order of the Circuit Court remanding a case which had been removed from the Court of Common Pleas, No. 1, of the county of Philadelphia, Pennsylvania. The facts were these:

On the 31st of December, 1884, Edward S. Clark sued out of the Court of Common Pleas a writ of summons against "Charles H. Brooks and Josiah D. Brooks, surviving partners of D. Leeds Miller, deceased, trading as Brooks, Miller & Co.," returnable on the first Monday of January then next. Before the return of the writ Josiah D. Brooks endorsed thereon as follows:

"I accept service of within writ. Josiah D. Brooks."

On the 12th day of January, 1885, Clark filed an "affidavit of loan" in accordance with the provisions of a statute of Pennsylvania, showing that the suit was brought for $15,000 balance due to him on the 31st of December, 1876, for moneys lent the firm of Brooks, Miller & Co., on which interest had

been paid to October 30, 1884. Appended to this affidavit was what purported to be "a copy of account 'from defendants' books," showing the loan and cash paid for interest. By a statute of Pennsylvania it was lawful for the plaintiff, "on or at any time after the third Saturday succeeding" the return day of the writ, "on motion, to enter a judgment by default, . . . unless the defendant shall previously have filed an affidavit of defence, stating therein the nature and character of the same." Josiah D. Brooks did not file an affidavit of defence within the time thus limited, and, accordingly, on the 26th of January, 1885, the following entry was made in the cause:

"And now, on motion of Pierce Archer, Esq., the court enters judgment against the defendants for want of an affidavit of defence."

On the same day an assessment of damages was also filed in the cause, as follows:

"I assess damages as follows:
Real debt . . . . . . . . . . . $15,000 00
Int. from 10, 30, '84 to 1, 24, '85 . .    210 00
                                      ─────────
                                       $15,210 00
                                   "J. KENDERDINE,
                                          *pro Proth'y.*"

This, according to the law and practice in Pennsylvania, was a final judgment in the action against Josiah D. Brooks for the amount of damages so assessed, and, accordingly, in the docket entries this appears:

"Jan'y 26, 1885, Judg't for want of aff. of defence against Josiah D. Brooks only.

"*Eo die.* Dam's assessed at $15,210.00."

On the 3d of February, 1885, Charles H. Brooks voluntarily caused to be endorsed on the original summons, then in court, the following:

"I accept service of the writ for Charles H. Brooks, with like force and effect as if the writ had been issued ret'd to the

first Monday of April and had been served on or before the first Monday of March, A.D. 1885.

"John G. Johnson,<br>
*Att'y Ch. H. Brooks.*"

On the second day of May, 1885, Charles H. Brooks filed in the cause his affidavit of defence, in which he set forth, in substance, that, until the 31st of December, 1879, he was a member of the firm of Brooks, Miller & Co.; that previous to that time Clark had deposited moneys with the firm, and on that day there was due him $15,000, for which he held the firm's due bill; that on that day Josiah D. Brooks and Miller purchased the interest of Charles H. Brooks in the firm, paying him therefor $21,749.40, and assuming all the debts; that the partnership was thereupon dissolved, and Clark duly notified; that immediately on the dissolution, Josiah D. Brooks and Miller formed a new partnership, and continued the old business; that Clark was duly notified of the assumption by the new firm of all the debts of the old, and with this knowledge gave up the due bill of the old firm which he held, and took another for the same amount from the new firm in full satisfaction and discharge of the original indebtedness; and that the new firm paid the interest as it thereafter accrued until the time mentioned in the affidavit of loan, to wit, October 30, 1884. On this state of facts, Charles H. Brooks insisted, by way of defence, that he was discharged from all liability.

Immediately on filing this affidavit of defence Charles H. Brooks presented a petition for the removal of the suit to the Circuit Court of the United States for the Eastern District of Pennsylvania, the material parts of which were as follows:

" The petition of Charles H. Brooks, defendant above named, who was sued with Josiah D. Brooks, as surviving partners, &c., respectfully represents: That the controversy in this suit is between citizens of different states. That your petitioner was at the time of the commencement of this suit, and still is, a citizen of the state of New York, and that the said plaintiff, Edward S. Clark, was then, and still is, a citizen of the state

of Pennsylvania, and that the matter and amount in dispute in the said suit exceeds, exclusive of costs, the sum or value of five hundred dollars."

On the 23d of May, 1885, the suit was entered by Charles H. Brooks in the Circuit Court, and, on the 8th of September following, Clark moved that it be remanded. Afterwards, on the 8th of October, this motion was granted, "it appearing by inspection of the record that the defendants are not both citizens of another state than the plaintiff, and that said Josiah D. Brooks is a citizen of Pennsylvania."

To reverse that order this writ of error was brought.

*Mr. Frank P. Prichard* and *Mr. John G. Johnson* for plaintiff in error.

It may be well to state at the outset that appellant does not seek to attach or qualify the recent decisions of this court that an original joint cause of action does not become separated into several controversies, simply because the defendants sever in their pleadings and defences. A careful examination of the cases on this subject will show that they group themselves into three classes, viz.:

First. Where no judgment has been entered, but separate defences have been raised by the defendants. In such cases one defendant cannot remove, because the plaintiff can still elect to treat the controversy as joint. *Louisville & Nashville Railroad* v. *Ide*, 114 U. S. 52, is an example of this class.

Second. Where the plaintiff has entered an interlocutory judgment by default against one defendant. In such cases the other defendant cannot remove, because the final judgment will still be joint, and the defendant against whom the interlocutory judgment was entered remains interested in, and will be affected by the final judgment. *Putnam* v. *Ingraham*, 114 U. S. 57, is an example of this class.

Third. Where a final judgment has been rendered against one defendant. In such cases the other defendant can remove, because the defendant against whom final judgment has been entered has been thus removed from the controversy, and is no

longer interested in or affected by the result of the controversy with his codefendants. *Yulee* v. *Vose,* 99 U. S. 539, is an example of this class.

The distinction between these classes of cases is not an acci- dental one, but is a logical result of a connected and consistent train of reasoning. Under these decisions, if before Charles H. Brooks accepted service of summons the controversy had, as to Josiah D. Brooks, been ended by a final judgment for an ascertained sum, so that he would not be a party to, or interested in, the result of the subsequent litigation with Charles H. Brooks, the latter had not only a separable but a separated controversy which he could remove. We will, there- fore, turn our attention to the only remaining question, viz.: Was the judgment against Josiah D. Brooks a final judgment as to him, which removed his interest in the subsequent litiga- tion with Charles H. Brooks?

The judgment against Josiah D. Brooks was not entered upon common law pleadings, but under special statutes of Pennsylvania, and was a final judgment. *Sellars* v. *Bush,* 47 Penn. St. 344; *McClung* v. *Murphy,* 2 Miles, 177. Under the common law as recognized and enforced in Pennsylvania, there could not be, in an action against two defendants on a joint cause of action, two separate final judgments, unless it affirmatively appeared on the record that they were upon different issues. Plaintiff might take an interlocutory judg- ment against one defendant, and then proceed to obtain final joint judgment against both; but he could not take final judg- ment against one without releasing the other. *Williams* v. *McFall,* 2 S. & R. 280; *Ridgely* v. *Dobson,* 3 W. & S. 118, 123.

This common law rule worked great hardship, and led to the enactment of two statutes, one of April 6, 1830, the other of April 4, 1877. [These statutes are quoted in the opinion of court, *post.*]

Bearing these statutes in mind, we will now examine the facts of this case. As the case stood after judgment had been entered against Josiah D. Brooks, it was an action against two with service on one only, and final judgment against the party served for a determinate amount. Afterwards the other de-

fendant, who was a resident of New York, appeared on the
scene.   He had a separate defence, personal to himself, and
was willing to voluntarily appear to have it tried.   If the act
of April 4th, 1877, above cited, had not been passed, it would
have been necessary for the plaintiff to have brought a new
suit in which Charles H. Brooks could have accepted service,
since the prior act of 1830 only allowed a recovery against the
defendant not served "*in another suit.*"   But as the act of
1877 had altered the law so as to allow a judgment "*in the
same suit,*" there was no necessity for new process, and Charles
H. Brooks merely accepted service of the original summons as
if it had been issued returnable at a return day after the date
of the judgment against Josiah D. Brooks.   He then filed his
affidavit of defence and his petition for removal.   The case
then stood thus : — A suit against two in which one alone was
served; a final judgment against the one served for a deter-
minate amount; a subsequent appearance of the other defend-
ant and a separate issue with him in which he was debarred
by the act of 1877 from setting up the previous final judgment
against his codefendant.   Now let us apply the principle laid
down by this court in the cases already cited.   Before any ser-
vice on Charles H. Brooks there had been a judicial determi-
nation of the suit as to Josiah D. Brooks, which as to him put
an end to the controversy.   That judgment could not be
affected by any subsequent judgment against his codefendant
either in the same or in another suit.   Afterwards a new con-
troversy was put in issue by Charles H. Brooks which, whethe
in the same or in another suit, could not be affected either in
his favor or against him by the result previously reached
against his codefendant.   If in this controversy a judgment
should be rendered for or against Charles H. Brooks, it would
be for or against him alone, and Josiah D. Brooks would not
be a party to it.   This becomes very clear if we suppose that
on February 3. Charles H. Brooks, instead of appearing in the
original suit, had appeared in a new suit brought against him
on the same cause of action.   No one would for a moment
pretend that this was not a separate controversy.   The effect,
however, of subsequent proceedings in *the same suit* under the

act of 1877 is precisely the same as subsequent proceedings in a new suit under the act of 1830. In both cases there is a final judgment as to one. In both there is a subsequent proceeding against the other, not affected by the previous judgment.

In this case there is no mere severance in the pleadings, leaving the plaintiff at liberty to still treat the action as a joint one. The plaintiff has already elected to separate the controversies by taking final judgment against the defendant served before the other defendant appeared; nor is this the case of an interlocutory judgment by default for want of an appearance, since the judgment against Josiah D. Brooks was a final one for a determinate amount. It is, however, within the third class of cases mentioned at the head of this brief, a case in which one defendant has been separated by a final judgment, leaving a controversy with his codefendant to which he is no longer a party.

It may be said that Josiah D. Brooks may appeal, but to such appeal Charles H. Brooks would be no party. The statute allowing separate judgments must necessarily contemplate separate appeals, which shall not interfere with the proceedings against the other defendants. In fact, the statute has placed such judgments in the same position as separate judgments at common law upon different issues.

Further argument would seem to be unnecessary.

*Mr. Pierce Archer* for defendant in error.

MR. CHIEF JUSTICE WAITE after stating the case as above reported, delivered the opinion of the court.

The action as originally brought was a joint action on a joint liability of Josiah D. Brooks and Charles H. Brooks as partners, and, according to *Putnam* v. *Ingraham*, 114 U. S. 57, it was not separable, for the purposes of removal prior to the judgment against Josiah D. Brooks, even after his default. The question we now have to consider is, therefore, whether the judgment against Josiah D. Brooks takes the case out of that rule.

A statute of Pennsylvania, passed April 6, 1830, provided as follows:

"In all suits now pending or hereafter brought in any court of record in this Commonwealth, against joint and several obligors, copartners, promisors or the indorsers of promissory notes, in which the writ or process has not been or may not be served on all the defendants, and judgment may be obtained against those served with process, such writ, process or judgment, shall not be a bar to recovery *in another suit* against the defendant or defendants, not served with process." 1 Brightly's Purdon's Digest, 11th ed., 953, § 43.

Another statute, passed April 4, 1877, enacted as follows:

"Where judgment has been or may hereafter be obtained in any court of record of this Commonwealth, against one or more of several codefendants, in default of appearance, plea or affidavit of defence, said judgment shall not be a bar to recovery *in the same suit* against the other defendants, jointly, or jointly and severally liable as coöbligors, copartners, or otherwise." *Ib.* 954, § 49.

By another statute, passed August 2, 1842, it was provided that in all actions instituted against two or more defendants, in which judgment may be entered on record at different periods against one or more of the defendants, by confession or otherwise, the entries so made "shall be considered good and valid judgments against all the defendants, as of the date of the respective entries thereof, and the day of the date of the last entry shall be recited in all subsequent proceedings by *scire facias* or otherwise, as the date of judgment against all of them, and judgment rendered accordingly."

And; "When an entry of judgment . . . shall be made on the records of any court against two or more defendants, at different periods, such entries shall operate as good and valid judgment against all the defendants; and the plaintiff may proceed to the collection of the money due thereon, with costs, as if the entries had all been made at the date of the latest entry." *Ib.* §§ 45, 46.

This is a proceeding in the original suit and on the original cause of action. If a judgment shall be rendered against

Charles Æ. Brooks, it will be a judgment in the original action, the same in all respects, except as to date, that it would have been if he had been served with process and had put in the same defence before the judgment against Josiah D. Brooks. He voluntarily appeared " in the same suit " by accepting service of the original summons, but with an extension of time to put in his personal defence. Had the same thing been done before the judgment against Josiah D. Brooks, there could have been no removal on the petition of Charles H. Brooks, or on the petition of all the defendants, because the suit would have been against the two defendants, one of whom was a citizen of the same State with the plaintiff, and a separate defence by one. This, it has often been held, would not show or create a separable controversy, within the meaning of the removal act. *Hyde* v. *Ruble*, 104 U. S. 407; *Ayres* v. *Wiswall*, 112 U. S. 187, 193; *Louisville & Nashville Railroad* v. *Ide*, 114 U. S. 52; *Putnam* v. *Ingraham*, 114 U. S. 57; *St. Louis, &c., Railway* v. *Wilson*, 114 U. S. 60; *Pirie* v. *Tvedt*, 115 U. S. 41; *Starin* v. *New York*, 115 U. S. 248, 259; *Sloane* v. *Anderson*, 117 U. S. 275; *Fidelity Ins. Co.* v. *Huntington*, 117 U. S. 280; *Core* v. *Vinal*, 117 U. S. 347; *Plymouth Mining Co.* v. *Amador Canal Co.*, 118 U. S. 265. It is true there is now no longer any controversy upon the original cause of action with Josiah D. Brooks, against whom a final judgment has already been rendered, but neither was there in *Putnam* v. *Ingraham, supra*, with the defendant, Morgan, who was in default, and made no defence. In this respect the two cases differ only in degree, and not in kind. In this case the proceedings had gone one step further than in the other, and the default of Josiah D. Brooks had been fixed by the judgment. In principle, however, the cases are alike.

Much reliance was had in argument on *Yulee* v. *Vose*, 99 U. S. 539. The petition in that case was filed under the act of July 27, 1866, 14 Stat. 306, c. 288, where only the separate controversy of the petitioning defendant could be removed, and the plaintiff was allowed to proceed against all the other defendants, in the State court, as to the remaining controversies in the suit, the same as if no removal had been had.

Under that statute the suit could be divided into two distinct parts — one removable and the other not. That which was removable might be taken to the Circuit Court of the United States, and that which was not removable would remain in the State court for trial without any reference whatever to the other. The removal had the effect of making two suits out of one. Not so with the act of 1875. Under that, it was held in *Barney* v. *Latham*, 103 U. S. 205, that, if a separable controversy exists, a removal for such cause takes the whole suit to the Circuit Court, and leaves nothing behind for trial in the State court.

In *Yulee* v. *Vose* there were several causes of action embraced in the suit — some joint against Yulee and all the other defendants, and one against Yulee alone as the endorser of certain promissory notes. Upon a trial, judgment had been rendered in favor of all the defendants upon all the causes of action. This judgment was affirmed by the highest court of the State as to all the causes of action, except that against Yulee alone as endorser. As to that it was reversed and the cause sent back for a new trial. It was under these circumstances that it was said " it appeared that the controversy, so far as it concerned Yulee, not only could be, but actually had been, by judicial determination, separated from that of the other defendants;" and a removal of this controversy, thus actually separated from the rest of the case, was directed upon the petition of Yulee, filed after the case had been sent back for trial as to him alone, and before the trial or final hearing, which was in time under that statute. Upon this removal only the separate controversy with Yulee was carried to the Circuit Court, and the judgment in that would have no connection whatever with the other parts of the case, which remained undisturbed in the State court, where the record continued, so far as they were concerned.

In the present case, however, and under the present law, as ruled in *Barney* v. *Latham*, *supra*, the whole original suit, including the judgment against Josiah D. Brooks, must be taken to the Circuit Court, because this is a proceeding under the Pennsylvania statute, in that suit, to obtain a judgment

therein against Charles H. Brooks.　If the removal should be allowed and a judgment rendered in favor of Charles H. Brooks, the Circuit Court would be compelled to carry into execution the judgment of the State court against Josiah D. Brooks, which would in no sense be a judgment of the Circuit Court, but of the State court alone.　As Charles H. Brooks made himself a party to the "same suit," he voluntarily subjected himself to the obstacles which were in the way of removing his controversy to the Circuit Court, and must be governed accordingly.　*Fletcher* v. *Hamlet*, 116 U. S. 408. Had the plaintiffs proceeded against him under the other statute and brought another suit, the case would have been different, because that would have been a separate and distinct action to which there was no other defendant but himself; but this proceeding is merely auxiliary to the original suit, and in all respects a part of that suit, from which it cannot be separated.　If a judgment shall be rendered against Charles H. Brooks, that judgment and the judgment already existing against Josiah D. Brooks "will be treated as one on the *scire facias* or execution."　*Finch* v. *Lamberton*, 62 Penn. St. 370.

The order remanding the case is

*Affirmed.*