GEORGE D. BIZZELL ET AL. V. J. B. ROBERTS, JULIA KATE
ROBERTS, AND ZILPHIA A. WARREN.

(Filed 18 October, 1911.)

1. Mortgages—Notes—Interest—Maturity on Default—Reasonable
   Provisions.

   Where a deed is payable in installments and is secured by a
   mortgage containing provision that the entire debt shall mature
   on failure to pay the interest or specified portions of the prin-
   cipal as it comes due, or any other reasonable stipulation look-
   ing to the care and preservation of the property or the main-
   tenance of the lien thereon, such provision or stipulation, in the
   absence of circumstances tending to show fraud or oppression
   or "unconscionable" advantage, is enforcible as a valid contract
   obligation.

2. Same—Waiver—Option of Mortgagee.

   Provision in a mortgage that the mortgage notes shall mature
   and become payable on failure of the maker to pay the interest
   as it may become due at the stated periods is primarily for the
   benefit of the mortgagee, and, as a rule, will be waived by him
   by the acceptance of all arrears, the occasion of the default, and
   invariably so when the maturing of the debt is expressed to be
   at the option or election of the mortgagee and he accepts the
   arrears with the expressed or implied intent to waive the for-
   feiture.

3. Mortgages—Notes—Debtor and Creditor—Additional Security—
   Maturity—Original Debt—Pleadings—Demurrer.

   When a mortgage creditor has taken a note or other collateral
   as additional security for his debt, which has matured, he may
   proceed to collect it according to its tenor, whether the principal
   debt is due or not, if there is no binding stipulation to the con-
   trary; and in his suit upon the collateral note under these cir-
   cumstances a demurrer to the complaint will not be sustained.

APPEAL from *Peebles, J.,* at August Term, 1911, of WAYNE.
Civil action heard on demurrer to complaint. There was
judgment overruling the demurrer, and defendants excepted and
appealed.

*W. T. Dortch and M. T. Dickinson for plaintiff.*
*Langston & Allen for defendant.*

HOKE, J. It appeared in the complaint that on 3 March, 1909, defendants J. B. Roberts and Julia Kate Roberts became indebted to plaintiff in the aggregate sum of $2,750, payable by installments and evidenced by the promissory notes of said defendants under seal.

1. For $600, payable sixty days after date.
2. For $500, payable one year after date.
3. For $500, payable two years after date.
4. For $500, payable three years after date.
5. For $650, payable four years after date.

There was mortgage on real estate securing said indebtedness and containing the stipulation that if default be made on the payment of either of said notes and interest thereon when due, then all of said notes should become "due and payable at once."

That defendant Roberts had made payments on said notes as follows:

"On the first of said notes was paid $141 on 18 March, 1909, and said note was paid in full on 9 November, 1909; and the second of said notes was paid in full on 9 November, 1909; and on the third of said notes $252.62 was paid on 9 November, 1909; and on 17 February, 1911, there was paid on the balance due on said notes the sum of $1,050, which credit is subject to a deduction of $47.23, the amount paid by the plaintiffs for taxes on said land for the years 1909 and 1910; and that no further payment has been made upon said notes, and the remainder of said indebtedness, to wit, $565.21, with interest thereon from 17 February, 1911, is now due and owing to the plaintiffs by the defendants."

The complaint further stated that on 3 June, 1909, defendants J. B. and Julia Kate Roberts and their codefendant, Zilphia A. Warren, in further security of said first-mentioned notes, executed their promissory note under seal for $450, with interest, etc., payable 1 January, 1910, and that no part of this note had been paid; and on these allegations plaintiff demanded judgment on the $565.21 balance due on the principal indebtedness and for $450, with interest, being the amount due on the

156—18

collateral.   The present action was instituted on 16 May, 1911, and defendant demurred to the complaint, assigning for cause that no part of plaintiff's claim had matured at the time of action commenced.

Authority here and elsewhere is to the effect that where a debt is payable in installments, and same is secured by a mortgage containing provision that the entire debt shall mature on failure to pay the interest or specified portions of the principal as it comes due, or any other reasonable stipulation looking to the care and preservation of the property or the maintenance of the lien thereon, such stipulation, in the absence of circumstances tending to show fraud or oppression or "unconscionable" advantage, is enforcible as a valid contract obligation.   *Gore v. Davis,* 124 N. C., 234; *Parker v. Oliver,* 106 Alabama, 549; *Odell v. Hoyt,* 73 N. Y., 343; *Insurance Co. v. Westerhoff,* 58 Neb., 379.   And it is also generally held, uniformly so far as examined, that a provision of this character is primarily for the benefit of the mortgagee (Jones on Mortgages, sec. 1183a); and from this it would seem to follow that the same may be waived by him, and, as a rule, will be by the acceptance of all arrears, the occasion of the default.   This is undoubtedly the correct position when the maturing of the debt is expressed to be at the option or election of the mortgagee and he accepts the arrears with the expressed or implied intent to waive the forfeiture.   *Vanlessingen v. Lentz,* 171 Ill., 162; *Development Co. v. Post,* 55 N. J. Eq., 559; *Sire v. Wightman,* 25 N. J. Eq., 102; *Smalley v. Renken,* 85 Ia., 612; *Manufacturing Co. v. Robinson,* 56 Fed., 690; Jones on Mortgages, sec. 1186; 27 Cyc., p. 1532.

It has been said, however, that this waiver will not result from the acceptance of arrears, when on the face of the mortgage or other instrument the stipulation as to the maturing of the debt is absolute and not made to depend on the election of the mortgagee.   *Moore v. Sargent,* 112 Ind., 484.

Without final decision on this question, as the mortgage is not set out in *"ipsissimis verbis,"* there seems to be no conflict of authority on the position that where a creditor who takes a note or other collateral as additional security for his debt and

the same has matured, he may, in the absence of binding stipulation to the contrary, proceed to collect it according to its tenor, and whether the principal debt is due or not. *Bank v. Doyle,* 9 R. I., 76; *Hunt v. Nevers,* 32 Mass., 500.

The case of *Hilliard v. Newberry,* 153 N. C., 104, is in recognition of the same general principle. From this it follows that whether the maturing of the principal indebtedness has been waived or otherwise, the plaintiff has an apparent right to prosecute the action on the collateral obligation of $450 which is past due, and the demurrer of defendant therefore was properly overruled.

Affirmed.