NORTH CAROLINA PUBLIC SERVICE COMPANY, THE CITY OF GREENSBORO, AND THE CITY OF HIGH POINT v. SOUTHERN POWER COMPANY.

(Filed 11 May, 1921.)

**1. Removal of Causes—Pleadings—Change of Nature of Original Cause.**

Where a cause of action has been brought in the State court and is not then removable to the Federal Court, it may thereafter become so if the pleadings have been changed as to so affect the nature of the original suit as to bring it within the Federal Removal Act.

**2. Same—Restraining Order—Injunction.**

The application for a temporary restraining order is merely ancillary, incidental, and auxiliary to the original suit, and where the original suit is not removable under the Federal acts, it does not become so merely because a restraining order has thereafter been applied for and obtained therein.

**3. Corporations — Public-service Corporations—Discrimination—Credit—Issues—Questions for Jury—Trials.**

　　Where mandamus is sought to compel a public-service corporation to furnish its goods or products to the plaintiff without discrimination, and the pleadings set at issue the question as to whether the plaintiff was ready, able, and willing to pay a reasonable rate therefor, a question of fact is raised for the determination of the jury, the law not requiring a public-service corporation or any other to sell its goods or products to an insolvent concern on a credit.

**4. Appeal and Error—Stare Decises—Law of the Case.**

　　The decision of the Supreme Court is the law in the particular case decided unless changed in the course and practice of the courts.

APPEAL by defendant from *Ray, J.,* at December Term, 1920, of GUILFORD.

This is a controversy pending in the Superior Court of Guilford County wherein the plaintiffs filed petition for a writ of mandamus, praying that the defendant be required to furnish electric current and power to the plaintiff, North Carolina Public Service Company, through its substations at Greensboro and High Point, for use in operating the street-car lines in both of said cities, and for the use and benefit of the municipalities and the citizens thereof for light and power, as is now being furnished.

In apt time the defendant, observing the requisite formalities, filed a petition for removal of the cause to the District Court of the United States for the Western District of North Carolina. This motion for removal was denied, and the ruling was affirmed on appeal. The defendant then filed an answer to plaintiffs' petition, joining issue upon the merits of the case.

Thereafter plaintiffs applied to the court below for a temporary injunction, as ancillary to the original proceeding, which was granted and made returnable at Greensboro on 14 December, 1920. Prior to said return date, the defendant filed a second petition and bond, again asking that the case be removed to the Federal Court. This was denied, and defendant gave notice of appeal.

Plaintiffs then moved for judgment on the pleadings, which was allowed. Defendant excepted and appealed.

*Brooks & Kelly for Public Service Company.*
*C. A. Hines for city of Greensboro.*
*Dred Peacock for city of High Point.*
*Cansler & Cansler, Broadhurst & Cox, W. P. Bynum, and W. S. O'B. Robinson, Jr., for defendant.*

STACY, J. This case was before the Court at a former term, and is reported in 180 N. C., 335. The single point presented for consideration at that time was the mooted question of the defendant's right to have the case, as then instituted, removed to the Federal Court for trial. The decision on the first appeal was adverse to the defendant's contention, and has now become the law of the case, so far as the State courts are concerned, unless the condition of the pleadings has been so changed as to affect the nature of the original suit. *Fritzlen v. Boatmen's Bank,* 212 U. S., 364. It is well settled and not disputed that a case, non-removable in character when commenced, may become removable thereafter at a later stage. *Great Northern R. Co. v. Alexander,* 246 U. S., 276; *Ayers v. Watson,* 113 U. S., 594; *Powers v. Chesapeake & O. Ry. Co.,* 169 U. S., 92.

The defendant's initial motion for removal was denied upon the ground that a proceeding, in conformity with the State statute, for a writ of mandamus was not a suit "of a civil nature, at law or in equity," which could be removed from the State to the Federal courts. A direct authority for this position is to be found in the case of *Rosenbaum v. Bower,* 120 U. S., 450, where it is stated in the syllabus: "An original proceeding for a mandamus is not a suit of a civil nature within the meaning of the Removal Act of 3 March, 1875, and is not removable."

The defendant's second petition for removal presents the question as to whether the plaintiff's application for a temporary injunction, as an ancillary remedy, works such a change in the original proceeding as to bring it within the terms of the acts of Congress making it removable to the Federal Court. We concur in the judgment of his Honor below that it does not. *Freeman v. Howe,* 65 U. S., 450.

The application for the restraining order was made in this cause, and is merely ancillary, incidental, and auxiliary to the original suit. Its purpose was to maintain the existing status until the legal and statutory rights of the parties could be determined. The action is still a proceeding for a writ of mandamus. The pleadings have not been changed, neither have the parties. Hence, we think the defendant's second petition for a removal was properly denied. *State v. Assurance Company of America,* 251 Mo., 278; 46 L. R. A. (N. S.), 955; *First National Bank of Alexander v. Turnbull,* 16 Wallace, 190; *Brooks v. Clark,* 119 U. S., 502.

We are of the opinion, however, that his Honor erred in granting the plaintiffs' motion for judgment on the pleadings. Among other controverted facts it is alleged in the complaint and denied in the answer "that the plaintiff public service company is ready, able, and willing to pay the power company a reasonable rate for all power and current required of it at Greensboro and High Point, and stands ready to con-

INGRAM v. POWER CO.

tinue to take same, if it is furnished without discrimination as to rates and service."

The denial of this allegation raises a question as to the relative rights of the parties, which cannot be overlooked. The law will not require a public-service company, or any other, to sell its goods or products to an insolvent concern. A public business is not necessarily charitable or eleemosynary. Of course we know nothing of the merits of this particular fact in issue, nor whether it is raised in good faith, but it is squarely joined in the pleadings and arises upon the plaintiffs' own allegation.

There are other controverted matters appearing on the record, but we need not consider them now, as they may be adjusted satisfactorily on trial or by agreement, as is often the case in matters of this kind.

Let the judgment of the Superior Court be set aside; and the parties will proceed as they may be advised.

Error.

WALKER and ALLEN, JJ., concurring: We concur because the former decision in this case, to which we did not agree, is the law of the case, and because we understand that, under the present opinion, all issues of fact raised by the pleadings, including the question as to whether the plaintiffs are competitors of the defendant, are referred to a jury.