J. C. LEWIS v. F. R. NUNN and CHARITY NUNN.

(Filed 5 October, 1921.)

**Appeal and Error—Review—New Trial—Second Appeal.**

> A petition to rehear is the method by which the law in a case decided in the Supreme Court may be there reviewed, and this may not be done when a new trial has been granted and the case comes on appeal to the court again upon the same facts, and the Superior Court has ruled the law in accordance with the former opinion.

APPEAL by defendant from *Bond, J.,* at the June Term, 1921, of LENOIR.

The action is by purchaser of land at foreclosure by sale of trustee under a deed to secure four several promissory notes, maturing: $75, on 1 November, 1918; $200, on 1 November, 1919; $200, on 1 November, 1920; $600, on 1 November, 1921; and with a stipulation that on failure to pay the notes and interest on either of them or any part thereof when due, then "all the amounts due in said bonds shall immediately become due and payable." There was default in payment of first note and interest, and on due advertisement, property was sold by trustee, at which sale plaintiff purchased and received his deed, etc.

Defendant alleged, and offered evidence tending to show, that the creditor had agreed to indulge defendant as to payment of first note, and that prior to sale and after its maturity he had tendered the amount of the first note and accrued interest thereon, together with all other interest on the debt due at time of tender.

The cause was submitted to the jury and verdict rendered on the following issue:

"1. Are defendants, or either of them, entitled to redeem the land in controversy in this action? Answer: 'No.'"

Judgment for plaintiff. Defendant excepted and appealed, assigning for error the charge of the court that on the evidence, if believed, the jury should answer the issue as stated.

*Moore & Croom and Cowper, Whitaker & Allen for plaintiff.*
*Rouse & Rouse for defendant.*

HOKE, J. This cause was before us on a former appeal, and will be found reported in 180 N. C., 159. On questions more directly relevant to the present trial, it was held there:

"1. That the mere promise of the mortgagee to extend the time to the mortgagor for the payment of the mortgage note without more has no legal consideration and is unenforceable.

"2. Where several notes secured by mortgage are in series, and due at different dates, with provision that upon default in payment of one, all shall become due and payable with interest, after such default in the payment of the note first becoming due, a tender of payment of the note thus due, and interest on all of them in the series, is an insufficient tender."

In this aspect of the matter the evidence pertinent is substantially the same as that offered at the former trial, there being no testimony or claim on the part of defendant that there had even been any tender of the amount of the debt, "but only of the note first due, and the accrued interest on the entire sum." His Honor correctly ruled that the decision on the former appeal was conclusive, and that in any view of the case the plaintiff was entitled to recover.

In his very earnest and forcible argument before us, counsel for appellant insisted that while the agreement for indulgence would not constitute a binding contract for lack of a consideration, it should be considered in reference to the first note a waiver of the stipulation maturing the entire debt under the principles recognized and approved by this Court in *Bizzel v. Roberts,* 156 N. C., 272. Without intimation that such a position could be maintained on the facts presented in this record, we think it is not open to appellant in view of our decision on the former appeal that a tender of the entire debt was required to stay action on the part of the trustee. That decision on substantially similar facts affords the controlling rule by which the rights of the parties in the present case must be determined, and the recovery by plaintiff must be sustained.

In *Holland v. R. R.,* 143 N. C., at page 437, it was said, "That a party who loses in this Court cannot review the decision in a second appeal, as the proper way is by a petition to rehear." *Public Service Co. v. Power Co.,* 181 N. C., 356. Judgment for plaintiff affirmed.

No error.