## TENSAS PARISH SCHOOL BOARD v. PANNELL et al.

District Court, W. D. Louisiana, Monroe Division. March 7, 1928.

### No. 1703.

1. **Removal of causes ⊂⇒58—Proper removal of suit involving separate controversy brings all related issues with it.**

In case of a separate controversy and proper removal of suit, removal will bring all issues related thereto along with it.

2. **Removal of causes ⊂⇒57—If controversy between school board and contractor and surety is severable and determinable without all parties, defendant showing diversity of citizenship is entitled to removal.**

In case controversy in action by school board as plaintiff and contractor and surety as defendants is severable and can be wholly determined without presence of others, defendant surety is entitled to removal on showing diversity of citizenship between such parties.

3. **Removal of causes ⊂⇒42—Right of removal for diversity of citizenship cannot be defeated by character of proceedings under state law.**

Right of removal of controversy between citizens of different states, which can be separated and determined in manner provided by federal law putting into effect Constitution of United States, cannot be defeated by character of proceedings under state law.

4. **Removal of causes ⊂⇒49(2)—Suit by school board against nonresident contractor and surety for additional cost in finishing building, being separate from claim of materialman, held removable to federal court (Act La. No. 224 of 1918).**

Suit by school board on contract and bond for erection of school building against nonresident contractor and surety for additional cost in completing work and expenditures made in protecting rights in bankruptcy proceedings of contractor, being distinct and separable from controversy involving right of resident materialman to file claims under Act La. No. 224 of 1918, is removable to federal court for diversity of citizenship.

At Law. Suit by the Tensas Parish School Board against G. H. Pannell and another removed from state court. On motion to remand. Motion denied.

Hudson, Potts, Bernstein & Sholars, of Monroe, La., for plaintiff.

Milner & Porteous, of New Orleans, La., for defendants.

DAWKINS, District Judge. Plaintiff, a parochial corporation, created under the laws of this state, brought this suit upon a contract and bond for the erection of a school building, alleged to have been entered into under Act 224 of the Legislature of Louisiana of 1918. It alleges that the contract was with one G. H. Pannell, hereinafter called the contractor, a citizen of the state of Mississippi, who gave a bond for the faithful performance thereof, as required by said act, upon which the Standard Accident Insurance Company, a Michigan corporation, hereinafter called the surety, was surety; that the contractor defaulted upon said work, and, after notice to and the failure of the surety to complete the building it, the plaintiff, took over and finished the work at an additional cost of $5,891.33; that the sum of $637.13 was spent in protecting its rights in the subsequent bankruptcy proceedings of Pannell, and that it was also entitled to recover the sum of $3,370 as stipulated damages for the failure of the contractor to complete the building within the time provided by the contract; that, since the default by the contractor, there had been recorded in the mortgage office of the parish of Tensas claims of persons for materials fur-

nished to him for use in said building, as follows: Brookhaven Pressed Brick & Manufacturing Company, a corporation, in the sum of $2,512.97; J. F. Vernon for $1,576.86; C. B. Perkins for $240 (all of said claimants being citizens of the state of Mississippi); Chester Iron & Foundry Company, a citizen of the state of Missouri, for the sum of $3,422.81; and by V. Lachin, a citizen of the state of Louisiana, in the sum of $715; that the contractor and his surety were bound in solido to all of the claimants, as well as any other that might appear for such sums as may be lawfully found to be due them; that petitioner did not know whether all of said claims as filed were correct; that, under said Act No. 224 of 1918, petitioner was entitled to file a proceeding citing the contractor, his surety, and all other persons holding claims for work and material done and furnished for said building and to require them to assert their rights in said cause, as in concursus; that, after due proceedings had and delays, petitioner was entitled to demand from the clerk of said parish a certificate relieving petitioner of any personal liability to said claimants and to have the recordation thereof canceled as provided in said Act of 1918. Petitioner prayed for judgment against the contractor and his surety for the total sum of $9,898.36.

Defendant Standard Accident & Insurance Company, surety, filed in the state court its petition, alleging its citizenship in the state of Michigan; that, as appears on the face of the original petition, plaintiff is a citizen and resident of the state of Louisiana, whereas the contractor and surety are citizens of other states; that plaintiff had improperly impleaded other citizens of Mississippi and Missouri with Lachin a citizen of Louisiana; that the issues and controversy raised by the pleadings between plaintiff, the contractor, and his surety are entirely separate and distinct from those with other parties interpleaded by plaintiff, and can be determined without their presence in the suit, whereupon the surety prayed that said cause be removed to this court. Proper bond was presented, and the state court ordered the case removed.

Plaintiff has asked that the case be remanded, for the reason, as it contends, there is no severable controversy between it, the contractor, and his surety, and that one of the defendants, who is also a necessary party, is a citizen of the state of Louisiana with petitioner.

As sent up to this court, the record contains neither a copy of the contract nor the bond, so that the matter will have to be decided upon the allegations of the petition alone.

It is alleged, as above indicated, that the contract and bond were made under and in compliance with the Act No. 224 of 1918. The circumstances are such that I find it necessary to quote from said statutes at length, as follows:

"Section 1. Be it enacted by the General Assembly of the state of Louisiana, that when public buildings, public roads or public work of any character are about to be constructed, erected, altered or repaired under contract in excess of $500 at the expense of the state, or any parish, city, town, village, public board or body, it shall be the duty of the official representative thereof to reduce said contract to writing, same to be signed by all parties, and to require of the contractor a bond, with good and solvent surety, in a sum not less than fifty per cent. of the contract price, for the faithful performance of the contract with the state, parish, city, town, village, public board or body, and with an additional obligation for the payment by the contractor and by all subcontractors for all work done, labor performed, or material furnished in the construction, erection, alteration or repair of such building, road, work or improvement, and no modifications, omissions, additions in or to the terms of the said contract, in the plans or specifications or in the manner and mode of payment shall in any manner affect the obligation of the surety. Said bond shall be executed by such contractor with such surety or sureties as shall be approved by the officials representing the state, parish, city, town, village or public board, and shall be recorded with the contract in the office of the recorder of mortgages wherein the work is to be done on the day the said work begins and not later than 30 days thereafter.

"Sec. 2. Be it further enacted, etc., that any person, firm, or corporation, association of persons or partnership to whom any money shall be due on account of having done any work, performed any labor on, or furnished any material in the construction, erection, alteration or repair of any such building, road, work or improvement, may file with the said authority having the said work done, and record in the office of the recorder of mortgages for the parish in which the said work is being done, any time after the maturity of his claim, a sworn statement of the amount due him, and any payments made thereafter by said authority

without deducting the amount of the claims so served on it, shall be at its own risk.

"Sec. 3. Be it further enacted, etc., that any person, firm, corporation or association of persons or partnership to whom any money shall be due, on account of having done any work, performed any labor, or furnished any material in the construction, erection, alteration or repair of any such building, public road or public work or improvement shall, within forty-five days after the acceptance of said work by the state, parish, city, town, village, public board or body, or within forty-five days after the default of the contractor or subcontractor, file with the said authority a sworn statement of the amount due, and record a sworn statement thereof with the recorder of mortgages of the parish in which the work is done, or being done, provided that the said 45 days shall not begin to run until the said authorities shall record in the mortgage office of the parish in which the work was done as acceptance of the work, or notice of the default of the contractor or subcontractor, as the case may be; provided further that nothing in this act shall be so construed as to deprive any person or claimant within the terms of this act of his right of action on the board, which right shall accrue at any time after the maturity of his claim.

"Sec. 4. Be it further enacted, etc., that if, at the expiration of said 45 days there are recorded claims filed with the said authorities and recorded in the mortgage office unpaid, the said authorities shall file a petition in the proper court where the work was done citing such claimants and the contractor, subcontractor and surety on the bond, and the said authorities shall assert whatever claims they have against any and all of them in said petition, and require the said claimants to assert whatever claims they have against any and all of them, and all of said claims shall be tried in concursus.

"Sec. 5. Be it further enacted, etc., that in the event that the state, parish, city, town, village or public bodies aforesaid shall have a claim in concursus with other claimants who have done work, performed labor or furnished material used in said work, the latter shall be paid in preference; provided that if 45 days after the default of the contractor, or 45 days after the acceptance of the work, the said authorities do not file the said proceeding, any claimant may do so.

"Sec. 6. Be it further enacted, etc., that if no objections are made by any claimant to the solvency or sufficiency of the bond, the said authorities shall, ten days after the

service of judicial notice on each claimant having recorded claims as aforesaid, of the said concursus proceeding, obtain from the clerk a certificate to that effect, and the said certificate shall relieve the said authorities of any personal liability, and the recorder of mortgages shall cancel all claims recorded as aforesaid; if objections are made to the solvency or sufficiency of the bond, they shall be tried summarily, and if the surety is found to be not solvent, or sufficient to cover the full amount for which he is bound, or if the said authorities fail to exact bond, or fail to record same within the time prescribed by law, the said authorities shall be in default and shall be liable to the same extent as the surety would have been. The surety on the bond shall be limited to such defenses only as the principal on the bond.

"Sec. 7. Be it further enacted, etc., that any proceeding brought under this act shall be tried summarily, and shall be referred to a commissioner as is now or may hereafter be provided by law, who shall report his findings to the Court at the earliest date possible."

[1, 2] A careful consideration of this statute will disclose that it nowhere purports to create any lien upon the property of the school board, and the latter incurs no obligation to materialmen and laborers except upon its failure to require and record a bond with solvent surety, as provided thereby. Petitioner alleges that it fully complied with the act, and is entitled to a certificate of release from the clerk, which, if true, will have the effect of relegating the claimants to the bond alone, and hence there would be no liability on its part to them whatever. If this allegation is correct, then there is no controversy between plaintiff and these claimants. There was no privity of contract between them, Pannell being undoubtedly an independent contractor. The petition further alleges that the penal sum of the bond is $55,981, which is more than sufficient to cover all the recorded claims as well as the sum demanded by plaintiff, so that there could be no question of competing between it and them upon this fund in which the law gives claimants preference over the owner of the property. Plaintiff, therefore, has no interest in the correctness of these claims as against the contractor and surety, if its allegations as to the sufficiency and validity of the bond are true. Neither have they any concern with its claim upon the bond for the default of the contractor or the sum expended by plaintiff in the bankruptcy proceedings. If the claimants file their claims

in this court, the very nature of the relation disclosed by the petition will compel them to assert their rights against the contractor and his surety, in which event three of them are citizens of Mississippi, which is likewise the domicile of the contractor, Pannell; but, if there is a separate controversy and the suit has been properly removed, it will bring all of these issues along with it. Barney v. Latham, 103 U. S. 205, 26 L. Ed. 514; Brooks v. Clark, 119 U. S. 502, 7 S. Ct. 301, 30 L. Ed. 482; Connell v. Smiley, 156 U. S. 335, 15 S. Ct. 353, 39 L. Ed. 443; Slate v. Hutcherson (C. C. A.) 15 F.(2d) 551. However, as already indicated, if the controversy between plaintiff on the one part and the contractor and his surety on the other is severable and can be wholly determined without the presence of others, then, under the settled jurisprudence of the courts, defendant is entitled to have the removal sustained. Removal Cases, 100 U. S. 457, 25 L. Ed. 593; Rose's Notes, vol. 10, p. 956.

[3] It is true that the proceeding is one specially provided by the Louisiana law, in which the purpose was to bring in all parties having rights arising under a contract and bond of this nature, to the end that all should be determined and settled in a summary manner at one time. However, where the real issues or controversy between citizens of different states are such that they can be separated and determined in the manner provided by the federal statute, putting into effect the Constitution of the United States, I do not think that this right can be defeated by the character of the proceedings under the state law. See authorities in note 82 to section 71, tit. 28 (Judicial Code and Judiciary) USCA by West Publishing Company and Edward Thompson Company, vol. 28, p. 59. So far, the validity of the contract and bond has not been drawn in question, but, even if it should be, the determination of that issue, as between plaintiff and the surety, would not be binding upon the claimants (if they had not been made parties to the suit) who have no concern with the question of whether plaintiff shall recover for its alleged expenditures and damages or not. But in this instance the demand of plaintiff rests upon a claim for damages ex contractu as for sums expended in carrying out the obligations of a contract, for a per diem stipulated in the contract for failure to complete the building and for expenditures alleged to have been made in protecting its rights in the bankruptcy proceeding. As stated, with none of these have furnishers of materials any concern or interest. In the state court, in a trial between the claimants on the one side and the contractor and his surety on the other, the controversy might involve the question of the validity of the bond, whether or not the materials had been furnished and the correctness of the claim, in which the plaintiff would have no interest, except in event of a finding that the surety was not bound. In the latter event, it would matter nothing to the surety what the extent of recovery against the plaintiff might be. In any case in which the validity of the bond might be raised, the claimants and the plaintiff would necessarily be arrayed on the same side of the controversy, while the issue of validity or invalidity of the bond would not affect the contractor's liability at all. If it should be held that the surety was liable to the claimants because of the validity of the bond, and there was for this reason an issue between it and the plaintiff, the same would involve a cause of action and ground of recovery upon the bond totally different from that asserted by plaintiff against the contractor and his surety in its present petition. As to the issue of the validity of the bond, there would undoubtedly be a controversy between plaintiff and the surety with respect thereto, upon the outcome of which would depend the liability of the one or the other for whatever sums might be found to be due the claimants, but, as before stated, it would be upon claims and asserted rights of third persons having no interest in or concern with the plaintiff's right to recover for sums demanded by it.

[4] My conclusion is that, in so far as the case involves the liability of the contractor and his surety to the plaintiff, as well as the right to recover for expenditures made in the bankruptcy proceedings, the controversy is distinct and separable from the one between the claimants, the plaintiff, the contractor, and his surety, and, in view of the diversity of citizenship, this court has jurisdiction.

The motion to remand will therefore be denied.