## MAY v. ST. JOHN et al.

(Circuit Court, N. D. Iowa, E. D. May 22, 1889.)

REMOVAL OF CAUSES—SEPARABLE CONTROVERSY—NOMINAL PARTIES.

Complainant, a citizen of Iowa, filed a bill charging that a judgment had been fraudulently obtained against the city of Cedar Rapids, Iowa, in favor of defendant S., a non-resident, by means of a combination between him and others not made parties to the bill. The relief sought was to have the judgment declared void. The mayor, treasurer, and recorder of the city were made defendants, that they might be restrained from paying the judgment *pendente lite,* but it was not charged that they participated in the fraud, or that they had any interest adverse to complainant. *Held* that, though there was no separable controversy between complainant and S., the other defendants were only nominal parties, their interest being in fact adverse to S., and their joinder as defendants could not affect the right of S. *to have the cause re-moved.*

In Equity. Bill to cancel judgment.
*Henry Rickel,* for complainant.
*Chas. A. Clark,* for defendants.

SHIRAS, J. This suit was originally commenced in the district court of Linn County, Iowa, and was thence removed to this court upon the petition of the defendant St. John. The original bill charged that a judgment against the city of Cedar Rapids had been fraudulently obtained upon certain illegal warrants issued by said city, and that a tax for the payment thereof had been levied and was being collected, and the complainant, as a resident property owner and tax-payer, prayed an injunction restraining the collection of such tax, and also for a decree setting aside the judgment against the city. To this bill St. John, the owner of the judgment, the mayor, recorder, and treasurer of the city, were made defendants, and upon motion in the state court a preliminary injunction was granted. Upon the removal of the cause into this court, a motion to dissolve the injunction and demurrers to the bill were filed, and thereupon the complainant filed an amended and substituted bill of complaint, to which H. W. St. John is alone made a defendant, and which prays that the judgment against the city of Cedar Rapids be canceled and set aside, and that a judgment in favor of the complainant for the use of said city of Cedar Rapids be entered against the defendant St. John for the amount of money which he has heretofore collected on said judgment. The motion to dissolve the preliminary injunction and the demurrer to the amended bill coming up for hearing, the court suggested the query whether the cause was one properly removable from the state court, and counsel for defendant has submitted a brief on that question. The complainant, May, was when the suit was brought, and now is, a citizen of Iowa, and the defendant St. John was and is a citizen of Connecticut, and the amount of the judgment sought to be set aside is over $2,000. To the original bill filed in the state court there were made defendants the mayor, recorder, and treasurer of the city of Cedar Rapids,

all of whom were and are citizens of Iowa. The state court granted the petition for removal upon the ground that there was a separable controversy existing between the complainant and the defendant St. John. Upon examination of the original bill it appears that the complainant therein charges that the judgment sought to be set aside was procured by a fraudulent combination between one Wilcox, the defendant St. John, and certain officers of the city of Cedar Rapids and members of the city council, whose names are not therein particularly set out. It is not charged that Eaton, Stoddard, and Blain, the mayor, treasurer, and recorder, who are named as co-defendants, participated in the fraudulent procurement of the judgment, and it is apparent that they were made parties in order to get jurisdiction in the district court, and to restrain them from paying the judgment until its validity could be examined into. It is not averred nor shown that they have any interest in the matter in controversy adverse to the complainant, or any other interest than such as may arise from the fact that they are officers of the city against whom the judgment is pending. It is difficult to see how it can be said that there are two controversies in the proceeding. Practically there is one controversy, and that is as to the validity of the claim held by St. John against the city of Cedar Rapids, and evidenced by the judgment in the bill described. This is the pivotal question. If it be decided in favor of the validity of the claim the bill falls as to all the defendants. If the decision is adverse to its validity, then the decree would in effect restrain all the defendants from enforcing it. If the issue between complainant and St. John, touching the validity of the claim, is decided, what other issue or controversy is there left to dispose of? That, being decided, ends the cause. But the very facts that show that there is but a single controversy in the cause equally show that in substance it is a controversy wholly between the complainant and the defendant St. John, in which the other parties named as co-defendants in the original bill have no interest. They are purely nominal parties, and as such their presence as defendants on the record does not affect the right of removal on behalf of St. John. *Coal Co.* v. *Blatchford,* 11 Wall. 177; *Knapp* v. *Railroad Co.,* 20 Wall. 123; *Hotel Co.* v. *Wade,* 97 U. S. 13; *Walden* v. *Skinner,* 101 U. S. 577; *Arapahoe Co.* v. *Railway Co.,* 4 Dill. 277; *Bacon* v. *Rives,* 106 U. S. 99, 1 Sup. Ct. Rep. 3. That this is the case is manifest from the action of complainant in filing the amended and substituted bill in this court, to which bill the only parties are the complainant and the defendant St. John. But, should it be said that the other defendants named in the original bill have some interest in the controversy, such interest is adverse to that of the judgment plaintiff St. John, and, under the ruling of the supreme court in *The Removal Cases,* 100 U. S. 457, and *Harter* v. *Kernochan,* 103 U. S. 569, we may disregard the particular position assigned to the parties in the drafting of the bill, and view them in the actual position they occupy towards the subject in controversy, in which case we find a single controversy, upon one side of which is St. John, the owner of the judgment, a citizen of Connecticut, and on the other the city of Cedar Rapids, and res-

idents thereof, all citizens of Iowa. As these facts appear on the record, the right of removal existed when the petition therefor was filed, and the state court rightfully granted the order of removal.