### HIGGINS et al. v. BALTIMORE & O. R. CO. et al.

(Circuit Court, W. D. Pennsylvania. January 4, 1900.)

REMOVAL OF CAUSES—DIVERSITY OF CITIZENSHIP—FORMAL PARTIES.

Where a bill filed in a state court against a stockholder in a corporation shows that the only question involved is the ownership of the stock held by such defendant, the corporation is not a necessary party, and its joinder as a defendant will not prevent the removal of the cause by the defendant stockholder, where the requisite diversity of citizenship exists between him and the complainant.[1]

On Motion to Remand to State Court.

Henry Crawford and Knox & Reed, for complainants.
Johns McCleave, for Baltimore & O. R. Co.
Thomas Herriott, for Pittsburgh & W. Ry. Co.

BUFFINGTON, District Judge. This bill was filed in the state court by citizens of New York against the Baltimore & Ohio Railroad Company, a corporation of Maryland, and the Pittsburgh & Western Railway Company, a corporation of Pennsylvania. Both complainants and the Baltimore Company are stockholders of the Pittsburgh Company, the Baltimore Company owning the majority of such stock. After presenting to the state court a bond and petition for removal, the Baltimore Company filed a copy of the record in this court. Complainants now move to remand. This motion is resisted by the Baltimore Company on the ground the bill involves "a controversy which is wholly between citizens of different states, and which can be fully determined as between them." If such be the fact, it follows this court has jurisdiction, the case was, under the provisions of section 2, Act Aug. 13, 1888, rightfully removed, and the present motion should be denied. It is contended by the Baltimore Company that the question in this bill, to wit, the ownership of certain stock in the

---

[1] As to diverse citizenship as a ground of federal jurisdiction, see note to Shipp v. Williams, 10 C. C. A. 249, and, supplementary thereto, note to Mason v. Dullangham, 27 C. C. A. 298.

Pittsburgh Company, is one wholly and solely between it and the complainants, and that plenary relief, to the full extent prayed in the bill, can be afforded complainants by a decree against the Baltimore Company alone, without reference to the Pittsburgh Company; that the latter company, while made a party respondent, is a mere formal one, and is not indispensable to the relief sought by a decree against the Baltimore Company. It is, of course, well settled that the jurisdiction of the federal courts cannot be defeated by the joinder of mere nominal parties. Wormley v. Wormley, 8 Wheat. 421, 5 L. Ed. 651; Bacon v. Rives, 106 U. S. 99, 1 Sup. Ct. 3, 27 L. Ed. 69; and cases cited in Wilson v. Oswego Tp., 151 U. S. 64, 14 Sup. Ct. 259, 38 L. Ed. 70. The bill discloses that a receiver for the Pittsburgh Company has been appointed by this court. The fact that our receiver was not made a party suggests the drawers of this bill had not in view any relief or decree which would affect the property or corporate rights of that company. Indeed, the bill shows the complaint is wholly against the Baltimore Company, and the only question involved is the ownership of the stock held by that corporation. It is therein alleged such ownership by the Maryland corporation is ultra vires, and contrary to the constitution of Pennsylvania. Relief is sought against the Baltimore Company in three specific prayers: First, that it be decreed the purchase, ownership, and voting of said stock by the Baltimore Company is against public policy, and in violation of the provisions of the constitution of Pennsylvania; second, that such stock be sold, and pending sale the Baltimore Company be restrained from transferring it; and, third, that the Baltimore Company be enjoined from voting the stock. It will thus be seen, if these prayers are granted, the full measure of relief sought by the bill will be obtained by a decree, as prayed for, against the Baltimore Company alone. It is not sought to include or join the Pittsburgh Company in such decree, and its corporate rights or property are not affected thereby. It would therefore seem clear that, both by the subject-matter of the bill and the specific relief sought thereunder, a separable controversy is presented between citizens of New York on the one side, and a corporation of Maryland on the other. It is true the fourth prayer seeks a decree against the Pittsburgh Company, but the bill shows no complaint or cause of action against that corporation. It is evident its relation to the case is merely formal. A decree against it would be a formal sequence to the third provision of the decree sought against the Baltimore Company, for, clearly, if the Baltimore Company were, under the third prayer, enjoined from voting the stock, the further enjoining the Pittsburgh Company from receiving a vote already enjoined would be matter of form, not substance, and would neither add to, nor detract from, the all-sufficient decree against the Baltimore Company. Being of opinion, then, that the bill discloses, in the words of the act of congress, "a controversy which is wholly between citizens of different states, and which can be fully determined as between them," the motion to remand should be denied; and it is so ordered.