CORBITT v. PRESIDENT, ETC., OF FARMERS' BANK OF DELAWARE
et al.

(Circuit Court, E. D. Virginia. February 13, 1902.)

1. REMOVAL OF CAUSES—NATURE OF CONTROVERSY.

An action by a trustee in bankruptcy to recover the amount of an alleged preference is not one arising solely by virtue of a state statute, and of which a court of equity would not otherwise have jurisdiction, but is properly maintainable in equity in a state or federal court, and, therefore, the diverse citizenship properly appearing, and the amount being sufficient, may be removed into the federal court.[1]

---

[1] Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 479.

**2. SAME—DIVERSE CITIZENSHIP—NOMINAL PARTIES.**

   Defendant's counsel, in whose hands it is sought to attach money belonging to defendant, are not such necessary parties to an action by a trustee in bankruptcy to recover an alleged preference received by defendant as would prevent defendant from removing the cause to a federal court, where it is a citizen of a different state from plaintiff, notwithstanding that counsel are citizens of the same state.

McLemore & Corbitt, for complainant.
Heath & Heath, for defendants.

WADDILL, District Judge.   The defendant, the Farmers' Bank of Delaware, in the West Norfolk Lumber Company involuntary bankruptcy proceedings, was by decree of the United States district court for the Eastern district of Virginia (112 Fed. 759) awarded certain moneys held by said court not to be a part of the bankrupt's estate, and as against which, in said court, the bankrupt's trustee could not assert any claim against the bank, by reason of an alleged preference said to have been received by the bank in its dealings with the bankrupt company.   The bankrupt's trustee, the complainant, thereupon applied to the bankrupt court for leave to sue in some court of competent jurisdiction to recover the amount of the preference, and, upon leave being given, instituted this suit in equity in the court of law and chancery for the city of Norfolk to attach the money decreed by the court of bankruptcy to the defendant bank, in the hands of its attorneys, and also caused a copy of the attachment to be served upon the City National Bank of Norfolk, the registry of the United States district court, before the check issued by said court in favor of the defendant bank, and delivered to its attorneys, had been paid.   The Bank of Delaware thereupon filed its petition for removal of said cause into this court, accompanied by proper bond, and the same was accordingly removed, and is now before this court upon a motion made by the complainant to remand to the state court.

The motion to remand herein is overruled, as it appears: First. That the requisite diversity of citizenship exists to entitle the removal.   Second. That the amount involved is sufficient.   Third. That the suit itself is not one arising solely by virtue of the statutes of Virginia, and of which a court of equity would not otherwise have jurisdiction.   It is one properly maintainable in equity, in a state or federal court, and, the diverse citizenship properly appearing, and the amount being sufficient, it can be removed from the state into the federal court.   Fourth. The defendants James E. Heath and James E. Heath, Jr., partners practicing law as Heath & Heath, the counsel for the Farmers' Bank of the State of Delaware, in whose hands it is sought to attach the money belonging to the bank, are not such necessary parties as would disentitle the bank to have the cause removed into the federal court because of the failure of the record to show that every party to one side of the litigation was a citizen of a different state from every party on the other side of the suit.