HYDE v. VICTORIA LAND CO. et al.

(Circuit Court, E. D. Wisconsin. November 16, 1903.)

1. FEDERAL COURTS—JURISDICTION—STATUTES.
　　Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508], declaring the jurisdiction of federal circuit courts, limits the jurisdiction as to actions removed from state courts, as well as to actions originally begun in the circuit court.

2. REMOVAL OF CAUSES—DISTRICT TO WHICH CAUSE MAY BE REMOVED.
　　Act Aug. 13, 1888, c. 866, § 3, 25 Stat. 435 [U. S. Comp. St. 1901, p. 510], providing that a cause removed from a state court shall be transferred to the circuit court to be held in the district where such suit is pending, should be construed to mean the district within the territorial limits of which the suit is pending in the state court.

3. SAME—ESTABLISHMENT OF DISTRICTS—STATE LEGISLATION—EFFECT.
　　Where the boundaries of a federal judicial district were established by act of Congress, such districts could not be affected by subsequent state legislation organizing new counties, and changing county lines so as to change the district to which suits brought in the state courts of such counties might be removed.

4. SAME.
　　Where, by reason of the subsequent organization of new counties after the establishment of federal judicial districts in the state, one of the counties was in two federal districts, a suit originating in the state courts of such county, and removable to the federal courts, could be removed to either federal district, without regard to the district in which the county seat of the county was located.

5. SAME—PARTIES—CITIZENSHIP—FORMAL DEFENDANT.
　　Where a suit was brought to set aside certain land contracts against a nonresident defendant, and the register of deeds of the county in which the suit was brought was joined for the mere purpose of restraining him from recording such contracts pending the litigation, such officer was

---

¶ 1. See Removal of Causes, vol. 42, Cent. Dig. § 31.

a mere formal party, and the fact that his citizenship was the same as that of plaintiff did not prevent the noncitizen defendant from removing the cause to the federal court.

**6. SAME—AMOUNT IN CONTROVERSY.**
Where, on motion to remand a cause removed to the federal court, the removal petition stated that the amount in controversy exceeded $2,000, and it was alleged in the complaint that land contracts sought to be set aside were of greater value than $2,000, a contention that the matter in dispute did not exceed $2,000 in value was without merit.

In Equity. On motion to remand the cause, which was removed from the circuit court of Oneida county on application of Victoria Land Company, as a nonresident of the state.

John Barnes, for plaintiff.
Wilson & Mercer, for defendants.

SEAMAN, District Judge. The motion to remand is urged upon three contentions: (1) That the cause, if removable under the acts of Congress, cannot be removed to the Eastern District of Wisconsin; (2) that the defendant Mr. McLaughlin is a citizen of Wisconsin, and is not a mere nominal party, but an indispensable party for relief under the complaint; (3) that the amount involved in the controversy is not within federal jurisdiction. If either of these propositions is supported by the record, it is obvious that this court cannot entertain the suit. But I am of opinion that neither is tenable, and that the several objections must be overruled upon the following grounds, respectively:

1. The first objection rests on these facts: The suit was pending in the circuit court for Oneida county, and involves alleged interests in numerous tracts of land situated in Oneida, Forest, and Vilas counties. In 1870 (Rev. St. § 550 [U. S. Comp. St. 1901, p. 443]) the District of Wisconsin was divided into the Eastern and Western Districts, and the act of Congress named the counties as then organized, which were set apart to the Western District, and declared the Eastern District to "include the residue of said state." Neither of the above-mentioned counties was then organized, but they were subsequently formed out of several existing counties by state legislation at various sessions, with various changes of boundary from time to time. As now organized, the territory of Oneida county extends into both Western and Eastern Districts; the eastern tier of five townships, in range 11, being in this district, while the larger portion, including the county seat, is in the Western District. The whole of Forest county is in the Eastern District, and all of Vilas county is in the Western District. Under this anomalous territorial condition, counsel for the plaintiff contends that the location of the county seat, where the state court is required by statute to hold its sessions and keep its records, is controlling over all other circumstances to ascertain the federal district which may take jurisdiction on the removal from the circuit court for Oneida county. The ground urged for the

¶ 6. Jurisdiction of circuit courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 86 C. C. A. 459.

removal to this district, instead of the Western District, is this: The lands in controversy are mainly, though not wholly, within the territorial limits of the Eastern District, and the plaintiff resides at Appleton, in such district, so that a suit between the parties, founded on diverse citizenship, must be brought in that district (Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508]), as instanced in the cross-bill filed by the defendant for affirmative relief. No authority is cited which upholds either of these tests under the removal acts (Rev. St. § 629 [1 U. S. Comp. St. 1901, pp. 508–510]), and I have found none wherein this or any analogous question appears to have arisen. Jurisdiction of the cause on removal depends alone on the provisions of the acts of Congress referred to. The primary test is whether it is within the original jurisdiction of the court, as defined in the first section [1 U. S. Comp. St. 1901, p. 508], which is a limitation as well on actions removed. Mexican National R. R. v. Davidson, 157 U. S. 201, 208, 15 Sup. Ct. 563, 39 L. Ed. 672. If the record shows the requisite diversity of citizenship, and that the matter in dispute exceeds the value of $2,000, the subject-matter of the present suit is plainly within the cognizance of this court. In such event the cause is removable, within the act of Congress, and the filing of due application for removal terminates the jurisdiction of the state court, with or without an order therein removing the case; and federal jurisdiction does not depend upon the existence or regularity of any order of removal (1 Desty, Fed. Prac. [9th Ed.] § 110, p. 547; Kanouse v. Martin, 15 How. 198, 14 L. Ed. 660, and 5 Rose, Notes U. S. Rep. 316), so that I deem it questionable, to say the least, whether the cause can be remanded to the state court upon the sole ground that it was not sent to the proper federal district. Laying aside that question, however, I am satisfied that the case is within the jurisdiction of this court, if the right of removal from the state court is established. The only designation of the court to take jurisdiction on removal appears in section 3 of the act as amended (Act Aug. 13, 1888, c. 866, 25 Stat. 435 [1 U. S. Comp. St. 1901, p. 510]), namely, "the circuit court to be held in the district where such suit is pending." This means that the proper district "is the district within the territorial limits of which the suit is pending in the state court." Knowlton v. Congress & Empire Spring Co., 13 Blatchf. 170, Fed. Cas. No. 7,902. The territorial limits of the Eastern and Western Districts of Wisconsin are fixed by the act of Congress referred to (Rev. St. § 550 [U. S. Comp. St. 1901, p. 443]), and are, of course, unaffected by the subsequent state legislation organizing new counties and changing county lines. The county of Oneida was thus organized with one portion of its territory in the Eastern District, and the other portion in the Western District; and the suit brought in the circuit court for Oneida county was pending in that county as a territorial whole, not alone on the county seat or any separate portion, so that it was thus pending within the territorial limits of both federal districts. As that is the only jurisdictional requirement under the act of Congress, no other test can be imposed, and the two districts so embracing the county have con-

current jurisdiction of a suit removable therefrom, in so far as the subject-matter is within the original cognizance of both. The circumstances which are referred to as influencing the order of removal to this district furnish proper grounds for such order, though not controlling for jurisdictional purposes. Jurisdiction thereupon rests alone upon the rightfulness of removal from the state court as disclosed by the record.

2. The second contention is that the defendant McLaughlin is a necessary party and a citizen of Wisconsin, and removal on behalf of the noncitizen defendants is thereby barred. The suit is brought for relief against certain contracts held by the Victoria Land Company, and tendered for record, under which the noncitizen defendants assert an interest in the lands described in the complaint, and an injunction is sought to prevent recording such contracts as clouds upon the title. McLaughlin is register of deeds, with no interest in the controversy, but made a defendant for the sole purpose of restraining him, as such officer, from recording the contracts. It may be assumed that he is a proper party to that end, and that circumstances are stated which indicate that recording cannot be prevented without his presence as a party; but the register is nevertheless a mere formal party, in no sense interested in the sole matter of the controversy, which is the validity or effect of the contracts in suit. So joined to restrain his mere ministerial act of recording the instruments, if they are held to be inoperative as contracts between the parties thereto, the presence of this resident officer will not defeat the right of the real parties in interest to remove the cause. Walden v. Skinner, 101 U. S. 577, 589, 25 L. Ed. 963; Barney v. Latham, 103 U. S. 205, 216, 26 L. Ed. 514, and 10 Rose, Notes U. S. Rep. 39; Geer v. Mathieson Alkali Works, 190 U. S. 428, 435, 23 Sup. Ct. 807, 47 L. Ed. 1122; Lake St. El. R. Co. v. Ziegler, 99 Fed. 114, 39 C. C. A. 431. The only issue tendered by the complaint is whether the contracts relating to sale of the lands described are enforceable, and a decree thereupon would settle all rights between the contracting parties. Recording cannot affect those rights, and, if material in any view pending the suits, the temporary restraining order granted by the state court preserves the statu quo, while the issue upon the contracts remains to be determined between the parties in interest, unaffected either by the fact of recording or withholding from record.

3. The remaining contention, that the matter in dispute does not appear to exceed "the sum or value of two thousand dollars," is without merit. The alleged value of the contracts is the amount involved, and the petition expressly states that it exceeds $2,000, which is sufficient for the present inquiry, under all the authorities. Moreover, the allegations of the complaint in respect of the contracts, and of the amounts paid and involved therein, are corroborative of value in excess of the jurisdictional amount, if the contracts are treated as enforceable. That being the matter in dispute, the amount involved is sufficient to confer jurisdiction.

The motion to remand is overruled.