**ANDREWS v. NORDDEUTSCHER LLOYD (BREMEN) (NORTH GERMAN LLOYD OF BREMEN), et al.**

No. E–7627.

District Court, E. D. New York.

Oct. 4, 1935.

Thomas F. Murphy, of New York City, for plaintiff.

Cotton, Franklin, Wright & Gordon, of New York City (Paul Whitcomb Williams, Harold S. Glendening, and John A. Reed, all of New York City, of counsel), for defendant Norddeutscher Lloyd.

Cravath, De Gersdorff, Swaine & Wood, of New York City, for defendants Felix M. Warburg and others.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City, for defendant Guaranty Trust Co. of New York.

GALSTON, District Judge.

This is a motion for an order to remand this cause of action to the Supreme Court of the State of New York for the County of Kings, where the action was begun.

On the petition of the defendant Norddeutscher Lloyd (Bremen) (North German Lloyd of Bremen), the action was removed to this court on the ground of diversity of citizenship between the plaintiff and the Norddeutscher Lloyd, for so far as appears from the complaint, the other defendants named are merely nominal parties to the action in the position of intended depositories or intended stakeholders.

It is clear that if the defendants other than the Norddeutscher Lloyd are not necessary or indispensable parties, then under the doctrine of Salem Trust Co. v. Manufacturers' Finance Co., 264 U. S. 182, 44 S. Ct. 266, 68 L. Ed. 628, 31 A. L. R. 867, the necessary diversity of citizenship exists and this court will retain jurisdiction. So the only question to determine is whether those parties are necessary or indispensable.

The plaintiff is the owner of three bonds of the denomination of $1,000 each, of a proposed issue of $20,000,000 of negotiable sinking fund gold bonds of the defendant Lloyd. The rights of the parties are defined in a trust agreement, a copy of which is annexed to the complaint, wherein the Guaranty Trust Company and Kuhn, Loeb & Co. are named as fiscal agents, and the Guaranty Trust Company is also named as the American trustee of the Norddeutscher Lloyd. This trust indenture contains the usual provisions found in instruments of the kind. By the terms thereof Norddeutscher Lloyd agreed to pay semiannually, commencing October 15, 1929, to the other defendants as fiscal agents, the sum of $902,500, to be applied for the payment of interest on the bonds and as a sinking fund for the partial redemption thereof. The complaint alleges that on October 15, 1933, Norddeutscher Lloyd failed to pay this sum, which was then due, and has since failed to pay such sums, and that therefore the Norddeutscher Lloyd is in default. The relief sought is that the defendant Lloyd be required forthwith to pay to the fiscal agents the sums in default. So far as it affects the fiscal agents, the prayer of relief asks only that they be ordered and directed to disburse any and all interest moneys, which by order of court they may receive, to the bondholders entitled thereto.

There is no allegation in the complaint charging the fiscal agents or the trustee with fraud, with misfeasance or nonfeas-

ance; there is no charge that any duty imposed upon them has in any way been violated or that any of these defendants is in the slightest degree responsible for the default of the Norddeutscher Lloyd. Moreover, the trust indenture itself recites that upon any default of Norddeutscher Lloyd, the American trustee may in its discretion, and upon the written request of the holders of not less than one-fourth in principal amount of the bonds then outstanding shall, declare the principal of all the bonds then outstanding to be immediately due and payable. The complaint fails to allege that any such written request of one-fourth of the bondholders was ever made to the trustee, nor is there any allegation that there was any wrongdoing by the trustee in failing to exercise its discretion in the matter. Another provision of the indenture recites that the trustee shall be under no obligation to take any action which in its opinion shall be likely to involve it in any expense except upon the written request of the holders of not less than one-fourth in principal amount of the bonds outstanding. Another provision recites that the trustee shall have no responsibility for any breach by the company. As to the fiscal agents the instrument provides that "neither of the fiscal agents shall be liable otherwise than for good faith and the exercise of reasonable care."

There is no allegation in the complaint that they failed to exercise good faith or reasonable care.

I conclude, therefore, that the defendants named, other than the main defendant, are not necessary or indispensable parties.

The motion to remand is denied. Settle order on notice.