744

## ST. LOUIS COUNTY ex rel. and to Use of KETTS v. HEMAN et al.

### No. 345.

District Court, E. D. Missouri, E. D.

Jan. 2, 1940.

Eagleton, Waechter, Elam & Clark, of St. Louis, Mo., for relator.

Moser, Marsalek & Dearing, of St. Louis, Mo., for defendants.

COLLET, District Judge.

On motion to remand two questions are involved. First, whether the action is severable, and second, whether the amount involved is sufficient.

Very briefly the facts are these: The Independent Quarry & Construction Company, a resident corporation, secured a contract with St. Louis County to perform certain public work and gave the county a bond guaranteeing the performance of certain things. Charles F. Ketts, an employee of the contractor, was injured on the work and secured a final judgment against the contractor on account of his injuries for $2,-691.10, together with interest thereon from March 12, 1936, at the rate of 6% per annum. The judgment was not paid. The contractor and the Maryland Casualty Company both signed the bond. This action was instituted by Ketts, a citizen and resident of Missouri, in the state court against the legal representatives of the contractor (residents of Missouri) and the surety on the bond, the Maryland Casualty Company, a nonresident corporation, to recover on the bond the judgment and interest. A dispute as to the coverage of the bond appears to be the cause of this action. With that dispute we are not now interested.

Defendant Casualty Company contends that plaintiff's petition states no cause of action against the resident defendants because the petition affirmatively shows that Ketts has secured a final judgment against the contractor on the same cause of action upon which he sues the contractor's representatives in this action. The asserted result is that the cause of action against the contractor has been extinguished "by judicial determination" by the judgment against the contractor, and hence the present action is actually against the nonresident defendant alone. The question, therefore, really is whether the cause of action recovered on in the state court judgment is the same as that asserted in this action. It was not. The action in the state court against the contractor was based upon an unliquidated claim for damages for personal injuries, originating, by reason of the Missouri Workmen's Compensation Act, Mo.St.Ann. § 3299 et seq., p. 8229 et seq., before that commission and culminating in a judgment of the Circuit Court confirming the award of the commission. The present action is one based on the specific terms of a contract. If the terms of the contract require defendants to pay the former judgment, plaintiff has an action therefor, if not, the contrary is true. The only relation between the actions is that in each the contractor or his representatives is a party. But the basis of liability of that defendant is entirely different in the different actions.

Since the case is to be remanded for the reasons stated, it is unnecessary to determine whether the amount involved is sufficient to confer jurisdiction.

The cause is remanded to the Circuit Court of St. Louis County, Missouri, from whence it was removed.