## LEADMAN v. FIDELITY & CASUALTY CO. OF NEW YORK et al.
### Civ. A. No. 1088.

United States District Court
S. D. West Virginia.
Aug. 19, 1950.

Daniel & Daniel, John W. Daniel, and Will H. Daniel, Huntington, W. Va., for plaintiff.

Jackson, Kelly, Morrison & Moxley, W. T. O'Farrell and W. J. Carter, Charleston, W. Va., for Fidelity & Casualty Co. of New York.

MOORE, District Judge.

This action was originally instituted in the Circuit Court of Putnam County, West Virginia, from which it was removed to this court by defendant The Fidelity and Casualty Company of New York, a corporation. Plaintiff has moved to remand.

Plaintiff is a resident of West Virginia. Defendants Gammon and Peyton, hereinafter referred to as the principals, are police officers of the town of Hurricane, West Virginia, and are residents of West Virginia. The Fidelity and Casualty Company of New York, hereinafter referred to as the bonding company, is surety on the separate bonds of the principals, and is a resident of New York. Each bond is in the sum of $3,500, each is conditioned upon the faithful discharge of the duties of the principal therein named, and each recites that the principal and surety are jointly and severally bound.

Prior to bringing this suit, plaintiff instituted an action in the state court against the principals for false arrest and malicious prosecution. A jury returned a verdict in favor of plaintiff for $5,000, and final judgment was entered thereon. Execution on the judgment was returned "no property found." Plaintiff then instituted this action in the state court against the bonding company to subject the bonds to payment of the amount of the judgment, interest and costs, joining the principals as defendants. She prays for no relief against either of the principals. The bonding company sought removal on the ground that the principals are mere formal or nominal parties, and on the further ground that if any cause of action is stated against the principals, the cause of action against the bonding company is a separate and independent claim which would be removable if sued upon alone. Plaintiff's motion to remand is grounded on the contention that the principals are necessary parties to the action because they are vitally interested in the subject matter of the litigation; that, inasmuch as each of the bonds sought to be subjected to her judgment recites that the principal and surety are jointly and severally bound, she cannot be deprived of her option to enforce joint liability; and that there is no separable controversy as to the bonding company, since it is liable jointly with the principals on the same cause of action.

I am of opinion that plaintiff's motion to remand should be overruled, and an order will be entered accordingly.

In determining questions of removability, only indispensable and necessary parties are considered. Nominal or formal parties are disregarded. As plaintiff contends, the courts have uniformly defined indispensable parties as those who have such an interest in the subject matter that a final decree cannot be made without either affecting their interests or leaving the controversy in such condition that a final determination may be wholly inconsistent with equity and good conscience. Barron and Holtzoff on Federal Practice and Procedure, (Rules Edition) Secs. 103, 512; 35 C.J.S., Federal Courts, § 60, pages 885–888; 30 C.J.S., Equity, § 142, pages 573–575. But that principle is inapplicable to the facts of the instant case, since it is clear that the Court can proceed to final judgment without affecting any interest of the principals, and without reaching a result that would be inequitable as to any of the parties; for not only has final judgment been rendered already against the principals the amount whereof could in no event be exceeded here, but as to them no relief is sought.

I have been able to find but one case, St. Louis County ex rel. Ketts v. Heman et al., D.C.Mo., 31 F.Supp. 744, whose facts are similar to those in the case now before me. There the plaintiff sued his employer, a resident of the same state, in a state court to recover a judgment confirming a Workmen's Compensation Commission's award of compensation for injuries sustained by him in the course of his employment. He was awarded a final judgment, which was not paid. He then proceeded against his employer's bonding company, a nonresident, in the state court to subject the joint and several bond to payment of that judgment, joining his employer as a defendant therein. The bonding company removed the action from the state court to the federal District Court, and the plaintiff moved to remand. The District Court held that the cause of action on which judgment was rendered in the state court was one in tort, whereas the second action was one in contract on the bond; and that, since the basis of the employer's liability in the two actions was entirely different, the judgment obtained in the first action did not extinguish the cause of action stated against the employer in the subsequent joint action. The Court, although granting the motion to remand, did not expressly deal with the question of whether the employer was a necessary party to the second action, but it is assumed that he was so considered.

With deference to the learned District Judge whose ruling has been cited, I am unwilling to hold in a case of this character that one against whom the amount of liability has already been fixed by a judgment rendered is a necessary party to a second action arising out of the same occurrence, irrespective of any technical distinction that might be drawn between contract and tort actions. Furthermore, that case is distinguishable from the one at bar by the fact that here no relief is prayed for against the principals. This fact alone is sufficient ground for denying the motion to remand.

Two additional cases merit attention:

In Humphrey Investment Corp. v. Great Northern Construction Co. et al., D.C. Wash., 1 F.2d 743, a resident corporation filed a cross-complaint against its co-defendant, a resident contractor, in an action in a state court. The cross-complainant joined the contractor's surety, a nonresident not a party to the original suit. The contractor had been adjudicated bankrupt. The surety company removed the action to the federal District Court on the ground that diversity of citizenship existed because the bankrupt was not an interested party. On the cross-complainant's motion to remand, the Court held that the bankrupt was an interested party whose residence defeated federal jurisdiction. That case, however, is clearly distinguishable from the present suit. There had been no adjudication against the contractor fixing his liability, and, as the Court pointed out, it could not be assumed that the bankrupt would be discharged from his debts.

In Brooks v. Clark, 119 U.S. 502, 7 S.Ct. 301, 30 L.Ed. 482, the plaintiff, a resident of Pennsylvania, instituted a joint action in a Pennsylvania Court against the two surviving members of a partnership to re-

cover the balance due on a loan made to the partnership. Only one of the partners was a resident of Pennsylvania, and it was only upon him that service of process was obtained. Neither of the partners defended the suit, and judgment was accordingly taken by default against the resident partner. Shortly thereafter, the nonresident partner voluntarily appeared and accepted service with the like force as if the writ had been returnable at a later date and served upon him prior thereto. The nonresident partner removed the action to the federal court on the ground of diversity of citizenship, and the plaintiff moved to remand. The lower court granted the motion. The ruling there made was sustained upon appeal to the Supreme Court, that Court holding that the requisite diversity was lacking, because there was no separable controversy as to the nonresident partner, even though final judgment had already been obtained against the resident partner. That case is likewise distinguishable, since it turned upon the interpretation of certain Pennsylvania statutes dealing with the effect of a default judgment against one of several defendants sued jointly. The Supreme Court concluded that the effect of those statutes was to make the action then before it a proceeding in the original suit and on the original cause of action for which the partners were jointly liable. If removal had been allowed, the federal court would have been compelled to carry into execution the judgment of the state court against the resident partner which would in no sense be a judgment of the federal court but of the state court alone.

As already stated, removability cannot be defeated by the joinder of mere formal or nominal parties. Barron and Holtzoff on Federal Practice and Procedure (Rules Edition), Sec. 516; 35 C.J.S., Federal Courts, § 60, pages 885-888. Having determined that the principals are neither indispensable nor necessary parties to this action but merely formal or nominal parties, against whom no relief is asked, it is unnecessary to consider whether a separable controversy is stated against the bonding company.