**SIELAND et al. v. HAMEL et al.**

No. 1554.

United States District Court
E. D. Missouri, S. E. D.

Jan. 21, 1953.

Homer F. Williams, Marble Hill, Mo., Strom & Spradling and Elmer A. Strom, Cape Girardeau, Mo., for plaintiffs.

Jacoby, Patton & Manns, Alton, Ill., Finch & Finch and James A. Cochrane, Jr., of Cape Girardeau, for defendants.

HULEN, District Judge.

Plaintiffs filed suit in the State Court to cancel and revoke the will of George Sieland. Defendants removed on grounds of diversity, alleging amount involved exceeded $3,000, exclusive of interest and costs. Plaintiffs' motion to remand raises the issue of jurisdiction (1) in a Federal Court to try a suit to revoke a will, and (2) that the administrator as a party destroys diversity.

**I.**

■ Plaintiffs call our attention to cases decided by the Supreme Court holding that a court of equity is without jurisdiction to try a will contest if the suit is brought on the equity side, or if the laws of the State where the will is probated lodge a will contest in a court other than one of general jurisdiction. See Ellis v. Davis, 109 U.S. 485, 3 S.Ct. 327, 27 L.Ed. 1006, and Sutton v. English, 246 U.S. 199, 38 S.Ct. 254, 62 L.Ed. 664. The prominence given equity jurisdiction in those cases is no longer indulged in under the new rules, which have abolished the forms of action. Fed.Rules Civ.Proc. rule 2, 28 U.S.C.A. In the Ellis case the Court (by way of dictum perhaps) did declare [109 U.S. 485, 3 S.Ct. 333]:

"In a state, of which New York is an example, where, by its law, its own courts of general civil jurisdiction are authorized thus incidentally and collaterally to try and determine the question of the validity of a will and its probate in a suit involving the title to real property, there can be no question but that the circuit courts of the United States might have jurisdiction of such a suit by reason of the citizenship of the parties, and in exercising it would be authorized and required to determine, as a court administering the law of that state, the same questions. And where provision is made by the laws of a state, as is the case in many, for trying the question of the validity of a will already admitted to probate, by a litigation between parties in which that is the sole question, with the effect, if the judgment shall be in the negative, of rendering the probate void for all purposes as between the parties and those in privity with them, it may be that the courts of the United States have jurisdiction, under existing provisions of law, to administer the remedy and establish the right in a case where the

controversy is wholly between citizens of different states. The judicial power of the United States extends, by the terms of the constitution, 'to controversies between citizens of different states;' and on the supposition, which is not admitted, that this embraces only such as arise in cases 'in law and equity,' it does not necessarily exclude those which may involve the exercise of jurisdiction in reference to the proof and validity of wills."

This subject no longer constitutes an issue in this Circuit. In Cousin v. Cousin, 8 Cir., 192 F.2d 377 (a suit to cancel a will probated in Iowa), and Welch v. Kirby, 8 Cir., 255 F. 451, 9 A.L.R. 1409 (a suit to cancel a will probated in Missouri) the question which plaintiffs here seek to inject was not mentioned. In an earlier case, Sawyer v. White, 8 Cir., 122 F. 223, in an opinion by Judge Sanborn, the Court ruled that under Missouri law a will contest was a statutory proceeding and that in a will contest, concerning a will probated in Missouri, the Federal Court had jurisdiction.

We recognize the trend is to restrict the right of removal and that the statute on removal should be given a strict construction, nonetheless the right still exists. We find no merit in plaintiffs' claim that jurisdiction should be denied, on this assignment.

## II.

 If the administrator is a necessary party to a will contest diversity does not exist in this case, as he is a resident of the same State as plaintiffs.

By tradition and practice the administrator is usually made a party defendant to a will contest, but it has many times been held in Missouri that the administrator has no interest in the subject matter of the suit. See Love v. White, 348 Mo. 640, 154 S.W.2d 759. Even to the extent of being a nominal party. Braeuel v. Reuther, 270 Mo. 608, 193 S.W. 283, 285, L.R.A. 1918A, 444; Sullivan v. Curry, D.C.Ariz., 40 F.2d 948.

Interstate Refineries v. Barry, 8 Cir., 7 F.2d 548, is authority in this Circuit for the rule that in determining jurisdiction indispensable parties only should be considered—"all others may be dismissed or disregarded if their presence would oust the jurisdiction of the court ＊ ＊ ＊." 7 F.2d loc. cit. 550.

Order

Motion to remand is overruled.