**KOPITKO et al. v. J. T. FLAGG KNITTING CO., Inc. et al.**

United States District Court
S. D. New York.
April 6, 1953.

Abraham L. Porchenick, New York City, for plaintiffs.

Spence, Hotchkiss, Parker & Duryee, New York City, James H. Halpin and Werner Janssen, Jr., New York City, of counsel, for defendants.

IRVING R. KAUFMAN, District Judge.

Action herein was commenced in the Supreme Court of the State of New York, County of New York, on February 9, 1953 against both defendants on one cause of action for breach of a contract entered into between plaintiff's assignor and defendant, J. T. Flagg Knitting Company, Inc. (hereinafter "Flagg"), a foreign corporation. In paragraph 10 of the complaint it is alleged that "on or about December 1, 1952 Flagg combined or merged with Utica Knitting Co., Inc. under the name of Flagg-Utica Corporation" (hereinafter "Flagg-Utica"). Flagg-Utica, a New York citizen, is named as the second defendant by reason of the merger of Flagg with another corporation into Flagg-Utica and the transfer of all the assets of Flagg to Flagg-Utica and the assumption by the latter of all claims against Flagg, as a result of the merger.

On February 28, 1953, both defendants removed this action to this Court on the ground that there existed a separate and independent claim or cause of action between plaintiffs and the defendant Flagg, an Alabama citizen and corporation, and the defendant Flagg-Utica. 28 U.S.C. § 1441(c).

Two motions are now before the Court. In the first, plaintiff seeks to remand the action to the State court under 28 U.S.C. § 1447, on the ground that there does not exist a separate and independent claim or cause of action between plaintiff and defendant Flagg and that since plaintiff and defendant Flagg-Utica are both citizens of New York, the Federal courts lack jurisdiction. In the second motion defendants

seek to transfer the action to the District Court, for the Northern District of Alabama, pursuant to 28 U.S.C. § 1404(a).

In determining whether there exists a separate and independent cause of action, the Court looks to the plaintiff's pleading as controlling, American Fire & Casualty Co. v. Finn, 1951, 341 U.S. 6, 14, 71 S.Ct. 534, 95 L.Ed. 702, and the allegation of merger contained in paragraph 10 of the complaint must therefore be accepted for the purposes of the motion for remand. It is also settled that the law of the forum is determinative of whether there exists a separate and independent claim. See Kornegay v. Hardware Mut. Fire Ins. Co., D.C.E.D.N.C.1952, 106 F. Supp. 347, and cases cited therein.

Section 85, subd. 2, of the New York Corporation Law, McK.Consol.Laws, c. 59, provides:

> "The possessor corporation shall be deemed to have assumed all the liabilities and obligations of the merged corporation *and shall be liable in the same manner as if it had itself incurred such liabilities and obligations.*" (Emphasis supplied.)

It is the contention of the defendant that we are here dealing with two separate contracts, one between plaintiff and Flagg and another by which Flagg-Utica assumed the liabilities of Flagg. Defendant therefore relies on authorities for the proposition that a claim against one who has assumed liabilities is separate and independent of the claim against the one who initially incurred such liabilities. Commander-Larabee Milling Co. v. Jones-Hettelsater Const. Co., D.C.W.D.Mo.1950, 88 F.Supp. 476; Cf. Roberts v. Underwood Typewriter Co., D.C.D.N.J.1919, 257 F. 583. But such contention is not valid here for it overlooks the language of the New York Stock Corporation Law which creates the liability on the part of the possessor corporation as if it had itself incurred the liability.

Plaintiff is asserting but a single claim. By virtue of the merger and the operation of the New York Stock Corporation law Flagg-Utica, a New York citizen, is liable as if it had incurred that liability. In perhaps an excess of caution, plaintiff has joined the predecessor corporation said to be in "anticipation of a claim of nonjoinder and avoidance of multiplicity of suit." See N.Y.Civil Practice Act, § 212. In determining questions of removability, only indispensable and necessary parties are considered. Nominal or formal parties are disregarded. Leadman v. Fidelity & Casualty Co. of New York, D.C.S.D.W. Va.1950, 92 F.Supp. 782, 784.

This is therefore a case where plaintiff has joined two defendants seeking to recover damages for one injury and

> "even though he charges them with joint and several liability or only several liability, or charges them with liability in the alternative, there is no joinder of separate and independent causes of action within the meaning of § 1441(c)."

American Fire & Casualty Co. v. Finn, supra [341 U.S. 6, 71 S.Ct. 540]. Moore's Commentary on the U. S. Judicial Code, pp. 251–252.

It is therefore the conclusion of this Court that the action be remanded to the Supreme Court of the State of New York, County of New York. It, of course, follows that the motion of the defendant to transfer the action to Alabama has become academic and must be denied.

Settle order.