**Decator O. SPALDING, Plaintiff,**

**v.**

**The SOUTHERN PACIFIC COMPANY and R. E. Dean, Defendants.**

**Civ. No. 8732.**

United States District Court
D. Oregon.

Oct. 4, 1956.

**414**

Keith D. Evans, Williams & Skopil, Salem, Ore., for plaintiff.

Koerner, Young, McColloch & Dezendorf, Portland, Ore., for defendants.

EAST, District Judge.

This matter came on for hearing upon the following:

1. Defendant Dean's motion;

2. The plaintiff's motion for an order of this Court remanding the above entitled cause to the Circuit Court of the State of Oregon for Lane County, the above entitled cause having been heretofore removed to this Court upon the petition of the defendant, Southern Pacific Company.

The Court heard counsel and it was stated and agreed among counsel and the Court that the naming of the defendant, R. E. Dean, was a mistake in that "the ticket agent" referred to and named in plaintiff's complaint, was not in fact the defendant, R. E. Dean, but a different employee of the defendant, The Southern Pacific Company, and the plaintiff wishes to substitute a John Doe as party-defendant in lieu of the defendant, R. E. Dean. The Court is convinced that the mistake was inadvertent.

A review of the judicial writings within the Judicial Districts of the United States shows a lack of unanimity of opinion on the problem presented in this cause.

Bearing in mind that the defendant, R. E. Dean, under counsel's admission, was not a proper, let alone not an indispensable party-defendant in this action, it would seem that this defendant may be disregarded.

The authorities are legion that it is the duty of the District Court in ascertaining its jurisdiction to realign and disregard defendants who are dispensable in order to fix its jurisdiction on the ground of diversity of citizenship. Inasmuch as the defendant, R. E. Dean is not an indispensable party-defendant the Court determines it had jurisdiction as of the date of removal, and this Court is bound by the decision of the Ninth Circuit Court of Appeals in Southern Pacific Co. v. Haight, 9 Cir., 126 F.2d 900, 903, wherein it is stated:

"Where a case has been properly removed, jurisdiction over it will not be defeated by later changes or developments in the suit, such as changes in citizenship, in parties, in the amount involved or in the cause of action pleaded."

Therefore, defendant, R. E. Dean's motion by confession of plaintiff's counsel, should be allowed, the plaintiff's motion to remand should be denied and plaintiff's oral motion to file amended complaint designating new parties-defendant should be allowed.

Counsel for the respective parties are requested to submit appropriate orders in conformity with the foregoing, plaintiff being allowed 15 days from the date of order in which to file his amended complaint or other designation of additional party-defendant.