Robert D. COLMAN, Ancillary Administrator of the Estate of Thomas Webb, Deceased, Plaintiff,

v.

Uyleau SHIMER, Executor of the Estate of Elizabeth Kehlman, Deceased, Elsie Hunt, Margaret Krumer and David Anderson, Defendants.

Civ. A. No. 3227.

United States District Court
W. D. Michigan, S. D.
June 23, 1958.

Eric V. Brown, Kalamazoo, Mich., for plaintiff.

Dorothy M. Hunt, Chicago, Ill., and Schmidt, Smith, Howlett & Halliday and Walter K. Schmidt, Grand Rapids, Mich., for defendants.

STARR, Chief Judge.

This action was begun in the circuit court of Van Buren county, Michigan, by plaintiff Robert D. Colman as ancillary administrator of the estate of Thomas Webb, deceased, against Uyleau Shimer, executor of the estate of Elizabeth Kehlman, deceased, and David Anderson, Elsie Hunt, and Margaret Krumer as defendants. Plaintiff Colman and defendants Shimer and Anderson are citizens of Michigan, defendant Hunt is a citizen of Illinois, and defendant Krumer is a citizen of Ohio. In his complaint plaintiff alleged that Thomas Webb prior to his death was aged, senile, and mentally incompetent and that he was induced by the false and fraudulent statements and representations of his sister, defendant Elsie Hunt, and her attorney, to execute and enter into an inequitable

and fraudulent agreement dated October 21, 1955, with defendant Elsie Hunt and his sister Margaret Krumer for the division of certain property which the three of them were to share equally as legatees under the will of their mother, Elizabeth Kehlman, deceased. In his complaint plaintiff asked that the agreement of October 21, 1955, be declared null and void and that defendants Hunt, Shimer, and Anderson be restrained from distributing or otherwise disposing of certain property in the estate of Elizabeth Kehlman described in the complaint, pending the further order of the court.

Defendant Hunt has removed this action from the circuit court of Van Buren county to this Federal district court on the ground of diversity of citizenship. 28 U.S.C.A. § 1441. It appears from the record that the action has been discontinued as to defendant Anderson and that defendant Krumer has not been served with process or entered her appearance. Plaintiff Colman has filed a motion to dismiss the petition for removal and to remand the action to the circuit court on the ground that defendant Shimer is an indispensable party to the action and that, as plaintiff and Shimer are both citizens of Michigan, there is no diversity of citizenship and, therefore, no Federal jurisdiction. On the other hand, defendant Hunt contends that defendant Shimer is not an indispensable party to this action but is only a nominal party, or a stakeholder, whose citizenship should not be considered in determining this court's jurisdiction.

Counsel for plaintiff and defendant Hunt have filed a stipulation of the facts to be considered by the court in its determination of the plaintiff's motion to remand, and have also agreed that the motion may be determined on briefs filed, without further hearing or oral argument. It is clear that under the facts and circumstances involved this court would have had original jurisdiction of this action. 28 U.S.C.A. § 1332. The Federal statute relating to removal of actions, 28 U.S.C.A. § 1441, provides:

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

■ The law is well established that in determining whether or not the requisite diversity of citizenship exists for the removal of an action to a Federal court, the courts will consider only the citizenship of the real parties in interest and not that of merely formal or nominal parties. As stated in 2 Cyclopedia of Federal Procedure, 3d Ed., § 3.57:

"Since the present statute provides for removability 'only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought,' it is, presently as formerly, the citizenship or resi-

dence of the real, as distinguished from the nominal parties, that governs the matter of removability; and the right to take the case from a state to a federal court cannot be defeated by the presence of a resident defendant who is a merely formal or nominal party. This excludes from consideration a resident defendant who has no interest in the subject matter litigated, or whose relation to the suit is merely incidental and to whom it is of no moment whether the one or the other side of the controversy succeeds."

In Spalding v. Southern Pacific Company, D.C., 19 F.R.D. 413, 414, the court said: "The authorities are legion that it is the duty of the District Court in ascertaining its jurisdiction to realign and disregard defendants who are dispensable in order to fix its jurisdiction on the ground of diversity of citizenship."

See also Lee v. Lehigh Valley Coal Co., 267 U.S. 542, 45 S.Ct. 385, 69 L.Ed. 782; General Accident Fire and Life Assurance Corporation v. Smith & Oby Company, D.C., 148 F.Supp. 126; Kopitko v. J. T. Flagg Knitting Co., D.C., 111 F. Supp. 549; Leadman v. Fidelity & Casualty Co. of New York, D.C., 92 F.Supp. 782.

Under the Federal law a party whose role in a law suit is that of a depositary or stakeholder is a formal or nominal party and not an indispensable party. In Salem Trust Company v. Manufacturers' Finance Company, 264 U.S. 182, 189, 44 S.Ct. 266, 267, 68 L.Ed. 628, the Supreme Court said:

"District Courts have jurisdiction if all the parties on the one side are of citizenship diverse to those on the other side. Jurisdiction cannot be defeated by joining formal or unnecessary parties. The right of removal depends upon the case disclosed by the pleadings when the petition therefor is filed (Barney v. Latham, 103 U.S. 205, 215, 26 L.Ed. 514; Ex parte [State of] Nebraska, 209 U.S. 436, 444, 28 S.Ct. 581, 52 L.Ed. 876) and is not affected by the fact that one of the defendants is a citizen of the same State as the plaintiff, if that defendant is not an indispensable party to the controversy between plaintiff and defendant who are citizens of different States. Barney v. Latham, supra [103 U.S.] 213 [26 L.Ed. 514]).

The facts set forth in the present bill are substantially those already stated. This suit involves a controversy between the petitioner, a citizen of Massachusetts, and the respondent, the Finance Company, a citizen of Delaware, which can be determined without affecting any interest of the other respondent, the International Trust Company, a citizen of Massachusetts. The latter is not an indispensable party. See Niles-Bement[-Pond] Co. v. Iron Moulders Union, 254 U.S. 77, 80, 41 S.Ct. 39, 65 L.Ed. 145. It has no interest in the controversy between the petitioner and the other respondent. Its only obligation is to pay over the amount deposited with it when it is ascertained which of the other parties is entitled to it. On the question of jurisdiction, an unnecessary and dispensable party, will not be considered. Walden v. Skinner, 101 U.S. 577, 589, 25 L.Ed. 963; Bacon v. Rives, 106 U.S. 99, 104, 1 S.Ct. 3, 27 L.Ed. 69; Ex parte [State of] Nebraska, supra."

In Farmers' Bank v. Hayes, 6 Cir., 58 F.2d 34, 36, the court said: "A garnishee or stakeholder is a merely nominal party whose citizenship will not affect the question of jurisdiction." In Cothren v. Evans, 8 Cir., 172 F.2d 533, 535, the court said:

"It is obvious that Brown, as Public Administrator of the Estate of Wilfred J. Evans, had 'no real substantial legal interest in the controversy.' Ex parte State of Nebraska, 209 U.S. 436, 445, 28 S.Ct. 581, 584,

52 L.Ed. 876. He was in no way connected with the controversy between Cothren and Mason and had no actual interest in the controversy between Cothren and Miriam Evans as the domiciliary representative of the estate of her husband. The controversies were in reality between citizens of different states, and the removal of the case could not be prevented by making Brown a party defendant. See and compare, Wecker v. National Enameling & Stamping Co., 204 U.S. 176, 185, 186, 27 S.Ct. 184, 51 L.Ed. 430, 9 Ann.Cas. 757; Ex parte State of Nebraska, supra, 209 U.S. 436, 445, 28 S.Ct. 581, 52 L.Ed. 876; Salem Trust Co. v. Manufacturers' Finance Co., 264 U.S. 182, 189, 190, 44 S.Ct. 266, 68 L.Ed. 628, 31 A.L.R. 867."

In 2 Cyclopedia of Federal Procedure, 3d Ed., § 3.63, it is stated:

"Joinder of a trustee or agent as a party to an action will not be permitted to defeat removal where he is not a real party in interest but merely a formal or nominal one. This is the situation where, though a trustee, agent or depositary has possession of property or funds rights in which are the subject of litigation, he holds them merely in a subordinate or possessory capacity as to which there is no dispute. The same view has been taken as to stakeholders and depositaries who represent no other party to the suit and stand impartial and claim no interest; although there has been some authority to the contrary, and it has been justifiably held that a stakeholder who is not impartial cannot be regarded as merely a formal party where his interest or sympathy runs counter to the plaintiff."[1]

See also Bacon v. Rives, 106 U.S. 99, 104, 1 S.Ct. 3, 27 L.Ed. 69; Walden v. Skinner, 101 U.S. 577, 588, 589, 25 L. Ed. 963; United States Fidelity & Guaranty Co. v. Sweeney, 8 Cir., 80 F.2d 235, 238; Harvey v. Harvey, 7 Cir., 290 F. 653, 657; Lake St. El. R. Co. v. Ziegler, 7 Cir., 99 F. 114, 119; Sieland v. Hamel, D.C., 13 F.R.D. 447, 448; Leadman v. Fidelity & Casualty Co. of New York, D.C., 92 F.Supp. 782; East Coalinga Oil Fields Corporation v. Pure Oil Co., D.C., 66 F.Supp. 716, 718; Andrews v. Norddeutscher Lloyd (Bremen), D.C., 12 F. Supp. 129; Sullivan v. Curry, D.C., 40 F. 2d 948; Macurda v. Globe Newspaper Co., C.C., 165 F. 104, 108, 109; Hyde v. Victoria Land Co., C.C., 125 F. 970, 973; Corbitt v. President, etc., of Farmers' Bank of Delaware, C.C., 113 F. 417; Higgins v. Baltimore & O. R. Co., C.C., 99 F. 640; New York Construction Co. v. Simon, C.C., 53 F. 1, 4; May v. St. John, C.C., 38 F. 770.

■ Comp.Laws Mich.1948, § 612.10, provides: "In all equitable actions, all persons having an interest in the subject of the action and in obtaining the relief demanded, may join as plaintiffs, and any person may be made a defendant who has or claims an interest adverse to the plaintiff. Any person may at any time be made a party if his presence is necessary or proper to a complete determination of the cause. Persons having a united interest must be joined on the same side as plaintiffs or defendants, but when any one refuses to join, he may for such reason be made a defendant." Under this statute only those persons having an interest in the subject matter of the action and in obtaining the relief demanded, and those necessary for a complete determination of the cause, may properly be classified as necessary or indispensable parties.

■ There is no showing in the pleadings or in counsel's stipulation of facts which would indicate that defendant Shimer, executor of the Elizabeth Kehlman estate, is sympathetic or partial

---

[1]. For authorities holding that a stakeholder who is partial to one party or who has a real interest in the outcome of the litigation cannot be regarded as a formal or nominal party, see: Von Herberg v. City of Seattle, 9 Cir., 27 F.2d 457; Edelstein v. New York Life Ins. Co., D.C., 30 F.Supp. 1.

to either side of the controversy, or that he is adverse to or prejudiced against either side, or has a united interest with any other party to the action. This is an equitable action for the cancellation and rescission of the agreement of October 21, 1955, to which defendant Shimer was not a party, and a determination of the issue as to the validity or invalidity of that agreement will affect only the rights of the parties to the agreement. As stated in his complaint, plaintiff seeks merely to restrain defendant Shimer as executor of the Kehlman estate from distributing any of the assets of the estate during the pendency of this action, and it is obvious that he was made a defendant in this action only for the purpose of making the division of the property held by him as executor, subject to the final decree of the court. The court accordingly concludes that defendant Shimer as executor is merely a formal or nominal party or stakeholder and that his citizenship is not to be considered in determining the question of jurisdiction.

■ Plaintiff Robert Colman and defendants Elsie Hunt and Margaret Krumer are the real and indispensable parties in interest, and their diverse citizenship meets the jurisdictional requirements of 28 U.S.C.A. § 1441. Defendant Margaret Krumer, who was not served with process, did not join with defendant Elsie Hunt in her petition for the removal of this action, although it is generally required that all indispensable defendants must join in petitions for removal. However, it is a well-established exception that one nonresident defendant may remove an action where another nonresident defendant has not been served with process. See Phillips v. Manufacturers Trust Co., 9 Cir., 101 F.2d 723, 726, 727; Wright v. Missouri Pac. R. Co., 8 Cir., 98 F.2d 34, 35, 36; Heckleman v. Yellow Cab Transit Co., D.C., 45 F.Supp. 984, 985.

For the reasons herein stated, plaintiff's motion to remand this action to the circuit court of Van Buren county is denied and an order will be entered accordingly. No costs will be allowed.